# Lancaster v. Flowers, Appellant.

*Partition—Master's finding of fact—Mortgage—Presumption of payment.*

The findings of fact of a master in partition that the presumption of payment of mortgage upon which there are arrearages of interest for forty years, has not been rebutted by any evidence, will not be reversed in the absence of clear and manifest error.

The presumption of payment of a mortgage arising from a period of more than twenty years cannot be successfully rebutted by a suggested intention relating to a possible merger.

*Tenants in common—Accounting—Rents—Act of June* 24, 1895, *P. L.* 237.

Where one of several cotenants accepts for a period of twenty-seven years rentals of a certain amount, and receipts for the same, and he has full knowledge of the condition of the estate, he cannot subsequently, because the court declared a deed to be a mortgage, claim that he should have been entitled to larger amounts.

Mistakes of law unless accompanied with special circumstances, undue influence or misplaced confidence, constitute no ground for relief.

Under the Act of June 24, 1895, P. L. 237, and the English statute of 4 and 5 Anne, chapter 16, section 27, one tenant in common may recover from his cotenant a share of the rent which the cotenant had received, or if the cotenant is in actual possession may demand and recover a share of the occupation rents.

Argued Jan. 15, 1904.    Appeals, Nos. 247 and 145, Jan. T., 1903, by Charles Yard, executor and trustee, and by Anna F. Richardson, from decree of C. P. No. 4, Phila. Co., June T., 1892, No. 430, on bill in equity in case of Americus Lancaster et al. v. Ann Eliza Flowers et al.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.    Affirmed.

Bill in equity for partition.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing various exceptions to report of James M. Beck, Esq., master.

*William Gorman* and *Ellis Ames Ballard,* with them *William Drayton, Henry Trumbore* and *Rufus E. Shapley,* for appellants in No. 247.—No presumption of payment of the mortgage can arise under the circumstances of this case: Wanmaker v. Van Buskirk, 1 N. J. Eq. 685; McDowell v. McCullough, 17 S. & R. 51; Eby v. Eby, 5 Pa. 435; Reed v. Reed, 46 Pa. 239.

We contend that the act of 1895 does not apply here; that the act was only intended to apply to those cases where one cotenant was in actual physical possession of the joint estate and enjoying the profits, and his cotenant out of the actual physical possession: Kline v. Jacobs, 68 Pa. 57; Enterprise Oil & Gas Co. v. National Transit Co., 172 Pa. 421; Jevons v. Kline, 9 Kulp, 305; Keller v. Lamb, 10 Kulp, 246.

The acquiescence of the parties here to the acts of their agents, the Yards, estops them : Herman on Estoppel, sec. 1074; Dougherty v. Hunter, 54 Pa. 380; Follmer's App., 37 Pa. 121.

*Alex. Simpson, Jr.,* with him *John T. Murphy* and *Joseph G. Magee,* for appellee.

OPINION BY MR. JUSTICE THOMPSON, February 29, 1904:

This was a proceeding in equity for the partition of a certain piece of real estate situate on the east side of Eighth street and south side of Race street. George Flowers died seized of this property and left surviving him a widow and nine children, six daughters and three sons. The original bill was filed by Americus Lancaster as trustee for Josephine Flowers and Anna F. Richardson against the other parties in interest. Subsequently in 1894 an amended bill, amendatory of the original bill, was filed, and it averred title and prayed for partition and an account for rents received. Answers were filed and a referee to decide who was entitled and subsequently a master to make partition were appointed. He reported the respective interests in the property, and, as the same was not divisible, a decree that the property be sold at public sale was made, and out of the purchase money received an account be stated between the parties of the rents collected. Exceptions were filed and the late President Judge ARNOLD, after disposing of these exceptions, awarded, subject to subdivision, one seventh to the respective interests, among whom was Anna F. Richardson, daughter and grantee of Washington Flowers, and who was awarded a one seventh interest. This court affirmed the decree thus made in a per curiam based upon the opinion filed in the court below. The property was accordingly sold for the sum of $86,600, and the master filed a report of the distribution of this sum among the respective parties in interest.

Before him a claim was made against the individual interest of the complainant Anna F. Richardson, based upon a mortgage given by Washington Flowers, her predecessor in title, to David Hailer, April 16, 1858, to secure the payment of the sum of $1,240 with interest. This mortgage after different assignments was assigned on April 18, 1860, to Catherine Flowers, who died in December, 1865, leaving a will of which the

appellant, Charles Yard, was surviving executor, and as such he presented this claim. The master found that the presumption of payment arising from lapse of time was not rebutted and disallowed it.

From 1886 to 1900 the complainant Anna F. Richardson and her predecessors in title received one twenty-seventh of the proportion of moneys received from the property. She contended that as the decree established that she was entitled to one seventh interest instead of one twenty-seventh that she was entitled, in the distribution of the principal, to have recouped to her, the money thus improperly received by the respondents. The master, however, held that he had no authority to state an account of rents as he was appointed for the specific purpose of making partition. To this complainant excepted and the court below sustained her exceptions. Judge ARNOLD in his opinion held that the presumption of payment of the Hailer mortgage had not been rebutted, and that in view of the Act of June 24, 1895, P. L. 237, the master should state an account of rents, but that as complainant and her predecessor in title had taken no steps to establish their rights to rent prior to filing the amended bill or made any demand therefor, but had received their share of rents without making any demand for a greater proportion, the master should take an account of rents received since March 30, 1894, the date of the filing of the amended bill. Accordingly the master filed a final report stating an account and awarding to complainant one seventh of the rents so collected, making a total of $3,582.56, for which they were to claim an allowance out of the respective interests of the respondents under the decree of court, such allowance being specifically stated. The court below by a decree dismissed the exceptions filed to this report and confirmed the same, and directed the master to make distribution accordingly.

The assignments of error in the two appeals substantially raise two questions, first, whether the presumption of the payment of the Hailer mortgage was rebutted, and second, whether there should be any accounting for rents collected and if so whether the same should commence from the date of the filing of the amended bill, to wit: March 30, 1894, or from a period commencing six years prior to that date.

The Hailer mortgage was dated April 16, 1858, and was made to secure the payment of $1,240, and after several assignments was finally assigned April 18, 1860, to Catherine Flowers who died in December, 1865, and the claim was made by the surviving executor, Charles Yard, one of the respondents. No interest had been collected on this mortgage for a period of forty years and the master found as a fact that the evidence did not overcome the presumption of payment. This finding unless clearly and plainly erroneous must prevail: Snyder v. Rainey, 198 Pa. 356 ; Dalley's Estate, 200 Pa. 140. That it is not so erroneous is manifest from the evidence. The respondent, Yard, testified that when the executors of the estate of Catherine Flowers filed their account this mortgage was not charged against them. That no attempt was made to collect interest for over forty years. That he forgot all about it and that no demand was made for either principal or interest from 1865. From the time this mortgage came into respondents' hands up to the year 1900, when the property was sold, during which time the appellant was collecting money from various parties and from the collection of money was in a position to collect interest if he believed any to be due, he made no effort whatever to make such collection. Moreover when the account of Catherine Flower's executor was finally settled a balance of $135.68 was found to be due to Washington Flowers and when paid to him was receipted for in full settlement and this settlement was affirmed by this court, 198 Pa. 614. In referring to this account, after stating a balance of $135.68 was due Washington Flowers and was paid to him in 1866, it was said by the court below : " All the parties in interest in the estate signed a paper that they had examined, approved and agreed upon the account and that it might be confirmed without reference to an auditor and accordingly it was so confirmed." Mr. Robinson testified that after making the searches and finding the mortgage in question unsatisfied he saw the appellant, Yard, and he said that it should have been satisfied, that he was surprised that his father or his attorney had not attended to it. He said to appellant if you are sure and know it is paid you had better as an executor have this adjusted yourself by getting the letters testamentary or a short certificate and producing it at the recorder's office and have it satisfied and he replied that he

would do so and left.   Clearly the evidence does not rebut the presumption of payment.   There may be circumstances which may rebut the presumption of payment but the single circumstance that the deed of May, 1861, by which Washington Flowers undertook to convey to his mother his entire interest in his father's estate and which was finally determined to be a mortgage is not one that would so operate.   The presumption of payment arising from a period of more than twenty years cannot be successfully rebutted by a suggested intention relating to a possible merger.   There is therefore no proof showing that the master was in manifest error in finding as a fact that the presumption of payment was not rebutted.

The contention in regard to accounting for rents was trilateral.   First, whether there should be any accounting for rents collected.   Second, whether the accounting for rents shall extend to a period of six years from the filing of the amended bill.   Third, whether the accounting shall extend from the filing of such bill to the sale of the property in the partition proceedings.

When the report was filed, Judge ARNOLD in the court below held that in view of the well recognized principle of common-law, there could be no accounting for rents between tenants in common, but subsequently when the attention of the court was called to the act of 1895, held that in view of that act there could be an accounting of rents.   It is contended that this act only applies to cases where some of the tenants are in possession and others are out of it.

The English statute of 4 Anne, c. 16, sec. 27, enables one tenant in common to maintain an action of account against his cotenant as bailiff for receiving more of the income than his just share or proportion, and the English courts have held that the statute applies only where " one tenant in common receives the money from another person to which both parties are entitled by reason of their being tenants in common and their interests, as such, and of which one receives and keeps more than his just shares : " Henderson v. Eason, 79 Eng. Com. Law Rep. 701. The Act of June 24, 1895, P. L. 237, contemplates that where the property is held by tenants in common that the parties in possession shall have deducted from their distributive shares the rental value to which their cotenants may be entitled.

These statutes supply the remedies not existing at common-law and cover the case where the cotenant receives the rent as bailiff and that where a cotenant out of possession is entitled to rental values and contemplate that these remedies shall be applied to such cases of tenancy in common. In the present case the amended bill avers " the management of said property and the collection of the rents thereof have been in the hands and under the control and supervision of respondents and that complainants have never received a proper account of said rents." The answers aver " the management of the said property and the collection of the rents thereof have been in the hands of Charles Yard, agent, since 1856." The other averments show that respondents were in the control and management of the property. The averments in the bill together with the averments in the answers establish that the respondents were in such possession of the property as to entitle the complainants to an accounting for rents. In fact after the deed of Washington Flowers made December 3, 1861, purporting to convey his interest in the property to his mother, he had nothing whatever to do with it and was treated by all as out of possession and as having ceased to have any title and one seventh of the income was paid to her and after her death, Mr. Yard testified in regard to a family agreement that the payment to Washington Flowers was a gift by the family to give him one third of one ninth. That he owed his mother a great deal and that he had nothing to pay her and by reason of a compromise they agreed to give him one third of one ninth and he took a receipt from the heirs.

In view of the pleadings and proofs the learned judge below was not in error in holding that " a cotenant may be in possession either by himself or his tenant and if a cotenant receives more than his share of the rent paid by the tenant in possession and the cotenant so receiving such rent must account to his cotenants for his share thereof and this may be done in proceedings for the division of the proceeds of the sale in partition." He accordingly held that the account should be stated from the time of the filing of the amended bill, to wit, March 30, 1894, and refused complainants' claim to go back for a period of six years from such date, and in this it is contended by the appellant, the complainant in the bill, that the court erred.

If the complainant had averred in her bill for partition all the facts upon which she now bases her claim for an accounting for such period, of six years prior to the filing of the amended bill, the moneys so received forming no part of the principal of the estate subject to partition and covering a complicated accounting between the agent and different parties, such bill doubtless would have been multifarious. If so it cannot now be successfully claimed that as there was no demurrer for multifariousness, the facts as originally averred not warranting such demurrer, that respondents were precluded from objecting to such an accounting upon the facts subsequently proved because of such failure to demur. The objection might well be treated with the same effect as if the facts had been sufficiently averred and a demurrer thereto sustained. This necessarily would defeat complainant's right to an account for such period of time. Moreover relief is barred appellant by the acquiescence of herself and her predecessor in title for a period of over twenty-seven years in their settlements and receipts of money during that period. While it is true that the evidence was not sufficiently clear and satisfactory to establish a family agreement sufficient to divest Washington Flowers of any portion of his interest in the real estate to be partitioned, yet the evidence shows an acquiescence in certain settlements as to the receipt of money during that time that operates as a bar to an accounting for the same. Mr. Yard testifies that the payment of one seventh after the death of Catherine Flowers and before the settlement of her estate was by virtue of an agreement between Washington Flowers and the heirs whereby they agreed to give him a certain amount and that they allowed him one half of the quarterly distribution of 1866. The acceptance of the money under such distribution for a period of twenty-seven years by Washington Flowers and the receipts clearly indicate an acquiescence that cannot be swept away because through ignorance of the law he accepted certain amounts and that subsequently through a decree of the court declaring a deed to be a mortgage he was by reason thereof entitled to larger amounts. A mistake of legal rights when everything is known to both parties is not relievable in equity.

In Follmer's Appeal, 37 Pa. 121, it is said by Mr. Chief Justice LOWRIE: "At several successive family meetings pay-

ments were made to the several legatees in the presence of each other, and receipts passed on this principle, until all were paid up in full, and some more than in full.   In 1847 the final account of the surviving executor was filed, showing this distribution, and was confirmed.   After that Mrs. Nowland died, and in 1858 her administrators seek to correct the mistake into which she and all the other parties had fallen twenty-eight years before, and on which they had acted throughout the whole administration of the estate.   This cannot be allowed."

In Drake v. Lacoe, 157 Pa. 17, Mr. Justice DEAN said: "It turned out from the evidence that returns had been made and received without objection during the years for which the accounts were asked, and several years elapsed before any other accounting was asked for.   Even if the accounting was not such as stipulated for in the contracts, it was practically impossible then for defendants to make any other; therefore equity demanded that plaintiffs should be content with what they had so long neglected to object to."

In Norris v. Crowe, 206 Pa. 438, in an opinion by Mr. Justice DEAN, it is said : " But a case directly in point is decided by the Supreme Court of California reported in 20 Cal. 637, and in 81 Amer. Decisions, 137, Kenyon v. Welty.   In this case a contract was entered into by both parties under the belief that the law had been established by a decision of the Supreme Court made some time before.   Clearly both parties entered into the contract under the view of the law as announced by the Supreme Court.   Sometime after, the court overruled its decision in the first case, and an action was brought to set aside the agreement on the ground that it had been made because of a mutual mistake of law.   The court refused to disturb the contract saying : ' Indeed the weight of authority in the United States is, that mistakes (of law) unless accompanied with special circumstances, under influence or misplaced confidence, constitute no ground for relief.' "

In Rogers v. Ingham, L. R. 3 Ch. Div. 351, it was held that suit could not be maintained where " an executor acting on the advice of counsel on the construction of a will proposed to divide in certain proportions a fund between two legatees.   One of the legatees being dissatisfied took the opinion of counsel, which agreed with the former opinion.   The executor then divided

and paid over the fund in accordance with the opinions.   Two years afterwards the dissatisfied legatee filed a bill against the executor and the other legatee, alleging that the will had been wrongly construed and claiming repayment from the other legatee."

Subordinate to these principal contentions are two : First, that the complainant was not entitled to an account prior to the deed of May 20, 1896, by which the interest of Josephine Flowers was conveyed to appellant.   This deed conveyed all and singular the estate, real, personal and mixed to which the grantee was entitled or which she may thereafter be entitled to.   The master finds that the deed was intended to divest the life interest of Josephine Flowers in said trust estate and to merge it into the estate in remainder, thereby vesting in Anna F. Richardson all the rights of Josephine Flowers either in the principal of the estate or in any claim arising therefrom and that the deed carried with it any interest in rents which had accrued as well as those which were to accrue.   The language of the deed imports this and it was not error for the court below to confirm his findings.

Second, that the complainant was not entitled to interest upon the amount of rents to which she made claim.   That she was properly awarded such enterest needs no extended discussion.   The warrant for it may be found in the opinion of Mr. Justice DEAN in the case of McGowan v. Bailey, 179 Pa. 470.

The assignments of error are not sustained, the decree is affirmed and appeals in both cases are dismissed at the cost of the respective appellants.