Collins et al. *v.* Coonahan et ux., Appellants.

220

Submitted May 8, 1940. Before CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and
HIRT, JJ.

*Joseph A. Palmer* and *J. Russell Gibbons*, for appellants.

*John W. Hallahan*, for appellees.

OPINION BY RHODES, J., July 19, 1940:

Plaintiffs filed a bill in equity for the partition of certain real estate. In their bill plaintiffs averred that William J. Coonahan (whose wife is joined as the other defendant) became the owner of premises at No. 216 East Mt. Pleasant Avenue, Philadelphia, on November 29, 1919; that on April 26, 1933, he conveyed an undivided one-fourth interest therein to each of the following plaintiffs: Ellen C. Collins, Agnes C. Maitland, and Edward R. Collins, who, with their respective spouses, are the plaintiffs.

The bill prayed that partition thereof be decreed, and that the case be referred to a master to make partition. No answer was filed by defendants, and judgment pro confesso was taken against them. The chancellor entered a decree adjudging the interests of the parties as set forth in the bill, and referred the case to a master. The master heard the testimony; and plaintiffs' and defendants' experts testified as to the value of the property and as to the rental value thereof during the time that the defendant William J. Coonahan had admittedly been in possession without paying any rent. At the request of the defendant William J. Coonahan the master held a special meeting for the purpose of allowing him to present evidence as to the value of the property, the rental value thereof, and the amount spent by him for repairs thereto during the period he was in possession.

The master determined the value of the property and also the rental value thereof. Two of the plaintiffs together elected to take the property at the valuation. The master found the rental value of the property to be as follows: For the period from October 1, 1933, to December 31, 1934, $40 per month; from January 1, 1935, to December 31, 1935, $45 per month; from January 1, 1936, to May 1, 1938, $50 per month. The master also found that there should be deducted from the distributive share of the defendant William J. Coonahan as rental for use and occupancy the sum of $2,540, and that this defendant was entitled to credit in the amount of $618.80 for certain repairs made by him to the property. Plaintiffs and defendants filed exceptions. The master made an additional report sur exceptions of plaintiffs and defendants to his interlocutory report, wherein he dismissed defendants' exceptions to the rental value found by the master, but modified his findings as to the amount chargeable against the distributive share of the defendant William J. Coonahan to three-fourths of the rental value to May 1, 1938, less

three-fourths of the expenditures made by him for repairs, and that there should be an additional charge of three-fourths of the rental value of $50 per month from May 1, 1938, to date of settlement. The master filed his report, whereupon defendants excepted to the amount of rental value charged; to the finding that rental should be from October 1, 1933, "whereas the same should commence on November 1, 1933"; and to the finding that said defendant's share should be charged with three-fourths of the rental value of $50 per month from May 1, 1938. The court below modified the master's report by excluding rental for the month of October, 1933, and as so modified approved the report and dismissed defendants' exceptions.

From this decree defendants have appealed.

Appellants raise but one question, whether the distributive share of appellant William J. Coonahan of the proceeds of sale is chargeable with rental value for use and occupancy of the premises of which he was admittedly in possession. Appellants' contention of nonliability is predicated upon plaintiffs' failure to aver in the bill that this appellant occupied the premises to the exclusion of cotenant plaintiffs; that there was no specific prayer for relief in the matter of rent; and that the chancellor in the decree of partition made no reference to rentals or rental value of the property. Plaintiffs' reply that the objections which appellants now rely upon were not raised in the court below, and that they cannot be considered on this appeal.

In the opinion of the court below it was said that: "The defendant Coonahan contended before the master that the premises in question had no rental value because they were uninhabitable by reason of lack of repairs," and that "Defendants' exceptions to the master's interlocutory report are directed at the rental values found by the master; an error in charging defendant Coonahan for rent for the month of October, 1933, as

well as the master's finding that said defendant should have charged against his distributive share three-fourths of the rental value for the period since that covered by the report."

It is quite obvious from an examination of appellants' exceptions to the master's interlocutory report, and the opinion of the court below approving the master's report as modified and dismissing appellants' exceptions, that the objections raised by appellants were not presented to the court below or considered by it. Neither before the master nor the court below did appellants question the authority of the master to consider the matter of rental value and deduct from appellant William J. Coonahan's distributive share of the real estate the rental value thereof to which his cotenants were entitled. They made no complaint at any stage of the proceedings that the master had gone beyond the issues raised by the pleadings, or beyond the scope of the decree and reference. On the contrary, they agreed to the procedure, and joined with plaintiffs in making an issue before the master of the rental value of the premises; and the exceptions which were subsequently filed by them were not based on any denial that appellant William J. Coonahan's distributive share was subject to the payment of rental value as tenant in possession. Such exceptions were to the amount of rental value charged, and to the periods for which the charges were made. These exceptions cannot be enlarged to comprehend pleadings, procedure, or liability of his distributive share for rental value. In *Canole v. Allen,* 222 Pa. 156, at page 158, 70 A. 1053, at page 1054, it was held: "Where the record of a case shows departure from established rules and procedure, affecting only the rights of the parties to the action, and no specific complaint is made with respect thereto, we assume that the departure was made by and with mutual consent—conventio legem vincit. Not so, how-

ever, where the departure manifests a clear disregard of recognized public policy, or is in violation of express statutory provisions. Restrictions so imposed are not subject to the pleasure of the parties or the power of the courts." The procedure followed in the instant case was not in violation of express statutory provisions, nor does it manifest a clear disregard of recognized public policy.

The Act of June 24, 1895, P. L. 237, §1, 68 PS §101, gave to tenants in common who have been out of possession the right to recover from those who have been in exclusive possession their proportionate share of the rental value of the real estate held in common, and provides that in case of partition of real estate held in common the parties in possession shall have deducted from their distributive shares of such real estate the rental value thereof to which their cotenant or cotenants are entitled. We held in *Hoog et al. v. Diehl*, 134 Pa. Superior Ct. 14, 3 A. 2d 187, that the statute, having changed the common law rule, is not automatically operative; but by express or implied consent of the parties, as here, a proper issue not raised by the pleadings may be treated in all respects as if it had been raised in the pleadings and submitted to the master. The question now presented on appeal was not raised in the court below, and will not be considered here for the first time. *Henes v. McGovern, Adm'r*, 317 Pa. 302, 305, 176 A. 503; *Fleming et al. v. Adamson et al.*, 321 Pa. 28, 34, 182 A. 518.

Assignments of error are overruled.

Decree of the court below is affirmed, at cost of appellants.