## Huffman Estate (No. 2).

Argued January 3, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

22

*E. D. Preate,* with him *J. Julius Levy* and *William J. Maxey,* for appellant.

*David B. Skillman,* with him *Detleff A. Hansen,* for appellee.

OPINION BY MR. JUSTICE HUGHES, March 20, 1944:

The facts surrounding this partition are similar to those in the Huffman Estate (No. 1), and reported in 349 Pa. 18.

Elias D. Huffman, father of Norman Huffman, died on April 1, 1930, seven years before his wife, Elizabeth Huffman. At the time of his death he owned three dwelling houses, one located in East Stroudsburg and two in the village of Marshall's Creek. Norman Huffman was charged for the use and occupation of these three houses, and the auditor found that he was in possession of them from the time of the death of his father to the time of the partition proceedings. Strunk and Wolfinger, the occupants of the two Marshall Creek houses, worked for Norman Huffman and he charged them rent for the properties as a part of their wages. After they became too old to work, Norman Huffman permitted them to live in these houses rent free. Norman Huffman fixed their rental values. He admitted the receipt of the rentals for the East Stroudsburg house and his liability to account for the funds derived from it. As to the two Marshall Creek houses, the auditor has found Norman Huffman in possession, to the exclusion of the other heirs. The court has affirmed the finding, and there being sufficient facts in the record to support it, Norman Huffman was properly held liable to account to the other heirs for its use and occupation.

The jurisdictional questions under the pleadings which counsel for the appellant now seeks to raise were fully disposed of by the court below, it being there stated: "Upon the argument we perceived that counsel for Norman Huffman, against whom rents had been charged, were chafing under the feeling they had not had a full opportunity to be heard upon this question, relying upon the case of *Collins v. Coonahan,* 141 Pa. Superior Ct. 219, as the authority that such claims must be pleaded and determined by the Court. To satisfy counsel and give them a full opportunity to be heard upon this, we filed an order opening the audit and heard additional testimony upon the question of rents." Counsel having agreed to the adoption of this procedure and fully participating in it, he cannot now claim that the pleadings were not proper to receive such proof.

The rule which was applied, allowing interest on the rental values of commonly owned properties to cotenants out of possession, was proper: *McGowan v. Bailey, Wilson & Co.,* 179 Pa. 470, 481, 36 A. 325; *Lancaster v. Flowers,* 208 Pa. 199, 208, 57 A. 526.

Judgment affirmed.