## APPEAL OF PAMELA J. BILES ET AL.

FROM THE DECREE OF THE ORPHANS' COURT OF CHESTER COUNTY.

Argued February 8, 1888—Decided February 27, 1888.

Under the act of April 27, 1864, P. L. 641, relative to costs in cases of partition, only the costs of the petitioner's counsel may be taxed with the other costs, not the counsel fees of other parties in interest, though they are in sympathy with the proceedings.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK
and WILLIAMS, JJ.; TRUNKEY, J., absent.
No. 175 January Term 1888, Sup. Ct.

On August 8, 1887, upon the petition of Pamela J. Biles,
Sarah F. Spencer, Amos T. Biles, Charles C. Biles and Annie
M. Biles, children and heirs at law of Samuel Biles, deceased,
of New London township, an inquest was awarded for the par-
tition of the real estate of said deceased, a return thereof filed,
and on October 31, 1887, the three purparts were severally
decreed to the heirs interested accepting the same. In the
decree allotting the purparts was the following:

And the court do further tax the costs of this proceeding as
follows, to wit:

Sheriff's fee for jury of inquest,                 $ 41.87.
Fees of Clerk of Orphans' Court,                     16.15.
George B. Johnson, attorney for petitioners, fees,  100,00.
R. S. Waddell, attorney for John P. Biles,           75.00.

And the court orders and decrees that the said costs shall
be paid out of the valuation or purchase money of tract No. 3
of said real estate, as part of the purchase money thereof, and
shall be borne equally by all the heirs, and their respective
proportions of said costs shall be deducted from the amount of
the bonds to them respectively and the costs paid in cash.[1]

BY THE COURT.

From this decree the petitioners took this appeal* specifying
that the court erred in awarding to Mr. R. S. Waddell, attorney
for John P. Biles, $75, and in ordering that the said sum
should be paid out of the valuation or purchase money of tract
No. 3, as in the foregoing order.[1]

*Mr. George B. Johnson,* for the appellants:
The interpretation of § 1, act of April 27, 1864, P. L. 641,
is plain enough from its language and design. That which is
to be allowed is costs in the partition, and these, with a rea-

---

*Nothing appeared upon the paper books indicating whether or not
there was any contest in the court below either in the proceedings for
partition or over the taxation of the costs.

sonable compensation to the plaintiff or petitioner for counsel fees, are to be taxed by the court: Snyder's Appeal, 54 Pa. 70; Grubbs' App., 82 Pa. 29, the petitioner's counsel alone being entitled to compensation out of the estate : Campbell's Est., 13 W. N. 145.

*Mr. R. T. Cornwell* and *Mr. R. S. Waddell*, for the appellee :

The act of 1864 was interpreted in Synder's App., 54 Pa. 67. The appellee was not a litigant to the estate, nor was he a respondent. He did not oppose the proceedings, but was in entire sympathy with them. He did not sign the petition with the appellants, for he did not know of its existence. He had incurred expenses attendant upon the proceedings; his counsel had prepared a petition, had examined letters and made searches ; had advised with him and the other heirs as to their best interests. These facts being within the knowledge of the court, the counsel fees were taxed to be paid in the manner stated in the decree.

OPINION, MR. JUSTICE CLARK :

.The only error assigned in this case is, that the Orphans' Court taxed with the costs and awarded to R. S. Waddell, Esq., attorney for John P. Biles, the sum of seventy-five dollars, as an allowance for counsel fees. Prior to the passage of the act of April 27, 1864, the burden of compensating counsel for conducting proceedings in partition was borne in the Orphans' Court, by the petitioner, and in the Common Pleas, by the plaintiff ; and, as the result of the action was alike beneficial to all the parties, it was deemed advisable to equalize the burden.

The act of April 27, 1864, therefore provides, as follows :—
" The costs of all cases in partition, in the Common Pleas or Orphans' Courts of this commonwealth, with a reasonable allowance to the plaintiffs or petitioners for counsel fees, to be taxed by the court or under its direction, shall be paid by all the parties in proportion to their several interests." The act was not designed to pay the fees of mere litigation; services in the trial of contested cases were not the end in view: Grubbs' Appeal, 82 Pa. 23 ; hence the law fixes the compensation as a reasonable one, to be taxed by the court or under its

direction. This enables the court to see that only a proper charge is made : Snyder's Appeal, 54 Pa. 70.

But John P. Biles was not one of the petitioners in this proceeding. The petition, which it is alleged had been prepared by Mr. Waddell in his behalf, was never presented to the court; if this had been done, he might, under the circumstances, have been joined in the action; but this was not done, and even if it be true, that John P. Biles actually favored the partition, and acquiesced in all the proceedings which were had in the case, still he was in fact not one of the petitioners.

The compensation of the petitioners' counsel, can only be taxed with the costs, because the act of assembly expressly authorized it. The power of the court is necessarily limited to the provisions of the statute. As the court had no power to tax the counsel fees of any but the petitioners' counsel, it follows that the decree was in this respect erroneous.

> The decree of the Orphans' Court is therefore reversed, and the record remitted, in order that the decree may be modified in accordance with this opinion. The appellee to pay the costs of this appeal.