Harriet Palethorp, Widow of Edward J. Palethorp, Deceased, *v.* Robert Palethorp, Caroline A. Palethorp, Henry B. Palethorp and Joseph Hey, Appellants.

*Will—Devise—Estate tail—Fee simple—Act of April* 27, 1855.

Where a testator gives to each of his children, after his wife's death, an equal share of his whole estate for his or her own " sole and separate use," except that as to $20,000 worth of property of each child's share, " they are only to receive the interest and incomes " thereof, because he desires that the principal of said $20,000 should be entailed on each of his children and his legal heirs, each child takes an estate in fee tail, which under the Act of April 27, 1855, P. L. 368, is enlarged to an estate in fee simple.

*Will—Estate in fee simple—" Die without issue."*

Where a testator devises real estate to his children and then directs " if either of my children die without lawful issue then his or her share reverts back again to my estate and becomes part of such estate, and is to be equally divided, the same as the other, amongst all of my surviving children," each child takes a vested interest in fee simple in his share, if all of the children survive testator; and in such case, if the words " die without lawful issue " mean death during testator's lifetime, then, as all the children survived, the exception has no effect to cut down the fee simple previously given; if they refer to definite failure of issue, then the estate is cut down to a fee tail, which by the act of 1855 becomes a fee simple.

Argued Jan. 3, 1900. Appeal, No. 116, Jan. T., 1899, by defendants, from decree of C. P. No. 3, Phila. Co., June T., 1894, No. 1702, on bill in equity. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity for partition. McCARTHY, J., filed the following opinion:

### FINDINGS OF FACTS.

The following facts are clearly established by the bill, answer and proofs, namely:

1. John H. Palethorp, of the city of Philadelphia, at the time of his decease, was seized in his demesne as of fee of fourteen parcels of real estate situate in the city of Philadelphia and state of Pennsylvania, and of one additional parcel of real estate situate in Bucks county, Pennsylvania, all of which are correctly described in plaintiff's bill filed in this cause.

2. John H. Palethorp died in November, 1860, having first made his last will and testament in writing, which was dated July 28, 1858, and was duly proved before the register of wills of Philadelphia county on January 7, 1861, and remains of record in the office of the said register.

3. The said will of John H. Palethorp, deceased, contains, inter alia, the following provisions:

"Item: I give, devise and bequeath unto my beloved wife all the bonds and other dividends, incomes of my real and personal estate, so long as she remains my widow, to be applied by her to the support of herself, and the support, maintenance and education of my children during their minority, and whatever she may save out of the same, giving the said children a proper support and education, I give unto her for her sole and separate use and benefit to do with as she chooses. . . .

"Item: I give and bequeath to each of my children, after my said wife's death, their entire share of my whole estate for their own sole and separate use with the exception of twenty thousand dollars worth of property of each of my children's share. The said twenty thousand dollars they are only to receive the interests and incomes arising from such, as it is my will the principal of said twenty thousand shall be entailed on each of my children and their legal heirs, and if either of my children die without lawful issue, then his or her share reverts back again to my estate, and becomes a part of said estate, and is to be equally divided, the same as the other, amongst all of my surviving children."

4. The said John H. Palethorp left surviving him a widow, Angelina Palethorp, and seven children, namely: Robert, Angelina W., Caroline A., Edward J., John H., Charles F. and Henry B. Palethorp.

5. After the decease of the said John H. Palethorp, his widow, the said Angelina Palethorp, became seized in her demesne as of fee of a certain parcel of real estate, situate in Philadelphia

county aforesaid, correctly described in paragraph three of the aforesaid bill.

6. The said Angelina Palethorp died on July 18, 1877, having first made her last will and testament in writing, dated August 30, 1873, which was duly proved before the register of wills of Philadelphia county aforesaid on October 12, 1877, and remains of record in the office of the said register.

7. The said will of Angelina Palethorp, deceased, contains, inter alia, the following provision:

"Item: I give and bequeath to each of my children their entire share of all my real estate, city and country, all of my bank stock or stocks of any kinds, dividends on said stocks, mortgages and ground-rents and money on hand, to be equally divided share and share alike for her and his own separate use."

8. The said Angelina Palethorp left to survive her seven children, being the same seven persons named in the fourth finding of fact, supra, as the children of John H. Palethorp, deceased.

9. The said John H. Palethorp (the younger) died December 20, 1884, intestate, unmarried and without issue.

10. The said Angelina W. Palethorp intermarried with Joseph Hey after the decease of her father, and died April 20, 1892, without issue, leaving to survive her her husband, the said Joseph Hey, having first made her last will and testament in writing, which was dated April 25, 1883, and was duly proved before the register of wills of the county aforesaid on May 3, 1892, and remains on record in the office of the said register.

11. The said last will of Angelina W. Hey, deceased, contains, inter alia, the following provisions:

"Fourth. I also give and devise unto my husband, Joseph Hey, all my real estate for his own use, benefit and enjoyment during his life, and after my husband's death I give and devise my said real estate in the manner following, namely: One fourth ($\frac{1}{4}$) part thereof to my said sister, Caroline A. Palethorp, her heirs and assigns forever, and the remaining three-fourths ($\frac{3}{4}$) parts thereof I give and devise unto my five brothers— Robert Palethorp, John H. Palethorp, Edward J. Palethorp, Charles F. Palethorp and Henry B. Palethorp, in equal parts and shares, their heirs and assigns forever."

12. The said Edward J. Palethorp intermarried with the plaintiff in October, 1892, and died on July 1, 1893, intestate and without issue, leaving to survive him his widow, Harriet Palethorp, the said plaintiff.

13. The said Charles F. Palethorp died on July 10, 1893, intestate, unmarried and without issue.

14. The three remaining children of the said John H. and Angelina Palethorp, namely, Robert, Henry B. and Caroline A. Palethorp, are still living.

15. Since the present proceeding for partition was begun, the brick messuage and lot on the south side of Library street, between Fourth and Fifth streets, described in the bill filed in the cause as No. 4 of the first article, has been conveyed to a purchaser, all the parties, plaintiff and defendant in this action, uniting in the deed of conveyance.

### FINDINGS OF LAW.

1. By the provisions of his will (see third finding of fact) John H. Palethrop devised to his wife the income of his real estate during widowhood, and gave to each of his children, after his said wife's death, an equal share of his whole estate for such child's own sole and separate use. This devise, without more, would under the statute of April 8, 1833, section 9, have passed to each child a fee simple in the testator's real estate, but the generality of the devise is subject to two exceptions.

The first is contained in the following language: " With the exception of $20,000 worth of property of each of my children's share. The said $20,000 they are only to receive the interests and incomes arising from such, as it is my will the principal of said $20,000 shall be entailed on each of my children and their legal heirs." So far as this exception may refer to real estate of the testator, these words imply a gift of the land for life, a devise of the income of land being a devise of the land itself for so long a time as the profits of the land are given: France's Est., 75 Pa. 220. The clear intent of the testator is, therefore, to make a gift of such lands as may be embraced within this exception to his child for life, with remainder to such child's legal heirs in tail. By virtue of the provisions of the act of April 27, 1855, this was converted into an estate in fee simple in the first taker, the child of testator.

The second exception to the general devise in the will of John H. Palethorp, above referred to, is in the following words: "And if either of my children die without lawful issue, then his or her share reverts back again to my estate and becomes a part of said estate, and is to be equally divided, the same as the other, amongst all of my surviving children." The words "die without lawful issue" are susceptible of only two relations, they either relate to and provide for the case of the death of the child in the lifetime of the testator, or to an indefinite failure of issue after the decease of the testator. If they were intended to relate to the death of the child during the testator's lifetime, then, as all of the children survived the testator, the exception has no effect to cut down the fee simple previously devised. If, as in view of the whole instrument is more probable, they were intended to refer to an indefinite failure of issue after the death of the testator, then the clear effect of the words is to cut down the fee simple previously devised to the child into a fee tail, which estate, however, by the provisions of the act of April 27, 1855, already referred to, was enlarged to a fee simple: Robinson's Estate, 149 Pa. 418. The necessary conclusion is, that each of the seven children of John H. Palethorp, upon the death of Angelina Palethorp, became seized of a vested interest in fee simple in and to one full equal undivided seventh part of all the real estate of the said John H. Palethorp, which is the subject of partition in the present proceeding.

2. Under the provisions of the will of Angelina Palethorp, and the act of assembly of April 8, 1833, section 9, relating to wills, each of her children became seized of a vested interest in fee simple, in and to one full, equal, undivided seventh part of the lot and messuage on the north side of Arch street, east of Twentieth street, also the subject of partition in the present proceeding.

3. Upon the death of John H. Palethorp, his undivided interest in all the real estate, the subject of partition herein, under the provisions of the act of April 8, 1833, relating to intestates, descended to and vested in his six surviving brothers and sisters in fee simple in equal shares as tenants in common.

4. Upon the decease of Angelina W. Hey, under the provisions of her will, there became vested in her husband, Joseph Hey, a life interest in all of the said decedent's undivided in-

terest in all the real estate, the subject of partition herein, and subject to such life estate there became vested in Caroline A. Palethorp in fee one full, equal, undivided fourth part of the said decedent's undivided interest in the said real estate as tenant in common with the other owners, and in each of her remaining five brothers in fee three full, equal, undivided twentieth parts of the said decedent's undivided interest in the said real estate as tenants in common.

5. Upon the death of Edward J. Palethorp, under the provisions of the act of April 8, 1833, relating to intestates, there became vested in Harriet Palethorp, widow of the said intestate, a life interest in one full, equal, undivided half part of the undivided interest of the said Edward J. Palethorp in all the said real estate, the subject of partition herein, and subject to the said life estate, the undivided interest of the said intestate, Edward J. Palethorp, descended to and vested in fee simple in his four surviving brothers and sister in equal shares as tenants in common.

6. Upon the decease of Charles F. Palethorp, under the provisions of the said act of April 8, 1833, relating to intestates, all the undivided interest of the said Charles F. Palethorp in all the real estate, the subject of partition herein, descended to and vested in fee in his two surviving brothers, Robert Palethorp and Henry B. Palethorp, and in his sole surviving sister, Caroline A. Palethorp, in equal shares as tenants in common.

7. The claimant, Harriet Palethorp, holding an estate for life in an undivided portion of the said real estate as a tenant in common with the said Joseph Hey, who is also a tenant for life of a portion of said lands, and the said Robert Palethorp, Henry B. Palethorp and Caroline A. Palethorp, who are owners in fee of undivided portions of the said real estate, has the right to compel her cotenants to make partition of the said lands: Duke v. Hague, 107 Pa. 57; Caldwell v. Snyder, 178 Pa. 420; Palethorp v. Palethorp, 168 Pa. 102.

The court entered the following decree:

And now, February 16, 1899, this cause came on to be heard upon the findings of fact and of law by McCarthy, J., filed on January 25, 1899, and the exceptions thereto filed on behalf of the said Robert Palethorp, Caroline A. Palethorp and Henry B. Palethorp, and was argued by counsel, and, upon due con-

sideration thereof, it is thereupon ordered, adjudged and decreed that partition be made of all the real estate and tenements described in the bill in equity filed in this cause, excepting the messuage and lot of ground situate on Library street, described as No. 4 of paragraph one of the said bill, to, between and among the several parties plaintiff and defendant in this cause, in accordance with their several and respective interests and purparts therein, which said interests and purparts are hereby adjudged to be as follows, to wit:

The interest and purpart of the said Harriet Palethorp, the plaintiff, is an interest for the term of her natural life in fifty-nine, six hundredths parts of the said real estate.

The interest and purpart of the said Joseph Hey, one of the defendants, is an interest for the term of his natural life in one-sixth part of the said real estate.

The interest and purpart of the said Robert Palethorp, one of the defendants, is an interest in fee simple in four hundred and thirteen twelve hundred and sixtieth parts of the said real estate, subject as to a portion thereof to the aforesaid interest of Harriet Palethorp and Joseph Hey.

The interest of Caroline A. Palethorp, one of the defendants, is an interest in fee simple in four hundred and thirty-four twelve hundred and sixtieth parts of the said real estate, subject as to a part thereof to the aforesaid life estates of Harriet Palethorp and Joseph Hey.

The interest and purpart of Henry B. Palethorp, the remaining defendant, is an interest in fee simple in four hundred and thirteen twelve hundred and sixtieth parts of the said real estate, subject as to a part thereof to the aforesaid life estates of Harriet Palethorp and Joseph Hey.

It is further ordered and decreed that this cause is referred to Theodore P. Matthews, Esq., as master, to divide and partition the said real estate and tenements (except as before excepted) into purparts and to value the same and ascertain the amount which shall be paid or charged thereon for owelty which shall be paid or secured to the parties to whom no purpart can be allotted, in the manner now authorized by law under writs of partition, and after such partition and valuation has been made, to award and allot the said purparts to and among the parties entitled, together with the sums to be

charged thereon and payable as and for owelty of partition, and if the premises cannot be conveniently divided into as many purparts as there are parties entitled, to award and allot the amount or sum to be paid or secured to them respectively and the times when such payments shall be made and the purparts out of which the same shall be payable, and if the real estate or tenements cannot be divided without prejudice to or spoiling the whole, then to make a valuation and appraisement of the said real estate and tenements ; and the said master is further ordered to make report to the court of all that he shall do in pursuance to this decree.

Defendants appealed.

*Error assigned* among others was the decree of the court.

*Robert Palethorp,* for appellants.—An estate in fee simple could not be created by such a limitation and reservation as that in testator's will: Livezey's App., 106 Pa. 201; Sheets's App., 52 Pa. 257 ; Urich's App., 86 Pa. 386 ; Nicholson v. Bettle, 57 Pa. 384 ; Moses's Est., 3 Pa. Superior Ct. 98 ; Patrick's Est., 162 Pa. 175 ; 4 Kent's Comm. 359.

The latter part of the clause in testator's will contains a reversion, and an estate for life on the death of his children without lawful issue must prevail : 1 Redfield on Wills, 492 ; 2 Jarman on Wills, 525 ; Lewis's Est., 3 Wh. 162 ; Smith v. Bell, 6 Peters, 68 ; Miller's Est., 145 Pa. 561.

The Supreme Court has always sustained wills similar to the testator's : Ivins's App., 106 Pa. 176 ; Sheets's App., 52 Pa. 257 ; McMasters v. Negley, 152 Pa. 312 ; Gormley's Est., 154 Pa. 378 ; Peirce v. Hubbard, 152 Pa. 18 ; Still v. Spear, 45 Pa. 168 ; Hinkle's App., 116 Pa. 489 ; Kennedy v. Kennedy, 159 Pa. 327 ; Forsythe v. Forsythe, 108 Pa. 129.

*Frank P. Prichard,* for appellee, cited Biddle's App., 69 Pa. 190 ; Stevenson v. Fox, 125 Pa. 568 ; Robinson's Estate, 149 Pa. 418 ; Grimes v. Shirk, 169 Pa. 74 ; Hackney v. Tracy, 137 Pa. 53 ; Palethorp v. Palethorp, 168 Pa. 102 ; Brown's App., 84 Pa. 457 ; Barclay v. Kerr, 110 Pa. 130.

PER CURIAM, January 29, 1900:

After a careful examination of the able argument of the counsel for the appellants, we are constrained to say that it has not convinced us of any error in the findings of facts and conclusions of law contained in the opinion of the learned court below, and we therefore affirm the decree on the opinion.