# Hobensack, Appellant, *v.* Phipps.

*Trespass—Cutting trees—Damages—Evidence—Nonsuit.*

In an action to recover damages for cutting trees, a nonsuit is properly entered where it appears that the defendant himself did not commit the trespass, and there is no evidence to show what relation the defendant had with the person who did the cutting, or to show how many trees were cut, or what were their dimensions.

Argued Dec. 4, 1913. Appeal, No. 224, Oct. T., 1913, by plaintiff, from order of C. P. Montgomery Co., Oct. T., 1911; No. 10, refusing to take off nonsuit in case of H. H. Hobensack, Executor of will of Susan R. Hobensack, deceased, v. Amos J. Phipps. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for the cutting of trees. At the trial the court entered a compulsory nonsuit.

Subsequently on motion to take off nonsuit, WEAND, J., filed the following opinion:

At the conclusion of plaintiff's testimony counsel for defendant moved for a nonsuit on the ground that plaintiff had no right of action in this case, the contention being that the trustee appointed by the orphans' court on the petition of the executor had the right of action.

Our direction for a nonsuit was not based upon that point alone. We thought and still are of opinion that plaintiff had offered no evidence from which the jury could assess damages.

There was no contention that Phipps the defendant had himself cut any trees. Two witnesses, H. H. Hobensack and Charles Grow, testified that they had seen Hart who they said was Phipps' foreman cut trees on the Hobensack tract, but neither said how many trees or their dimensions. Nor did they state how they knew

Hart was foreman and for what purpose, so as to charge Phipps with his acts.

Unless the jury knew how many trees Hart cut, even if he was acting under orders of Phipps, the jury could not fix their value; and as the dimensions of the trees cut by him were not stated there was again wanting the material fact upon which to estimate their value. Mr. Harry Hobensack testified, "I don't know what he cut off our tract."

The difficulty arose from a disputed or indefinite boundary line and even if Hart got onto Hobensack's tract it was by mistake. When notified Phipps offered to settle, but his offer was refused and suit brought.

It is claimed that 202 trees were cut, but no evidence to show who cut any of them except the testimony in relation to Hart. Phipps' offer to settle threw no light on the number of trees cut; nor did Hart's admission or the testimony of Hobensack and Grow.

Neither Hobensack or Grow spoke of the extent of Hart's cutting. He might have cut one or a hundred, but the number would have been mere conjecture.

On the argument of the case counsel for plaintiff "moves the court for leave to amend the caption of the above stated suit by substituting for the present plaintiff such party plaintiff as the court may find should have been made plaintiff if said executor be not the proper party plaintiff."

The plaintiff had already changed his plaintiffs by making the executor plaintiff. He now asks the court to substitute another if the court is convinced that the executor is not the proper party to sue.

We decline so to do. Plaintiff must make his election and we are of opinion under neither plaintiff could the court have left the matter of damages to the jury.

It is also a question as to whether plaintiff's measure of damages was proper. There was no evidence of a willful trespass or fraud. In Beede v. Lamprey, 15 Atl. Repr. 133, the rule was stated to be "In trover for

trees carelessly, but not willfully cut by the defendant on the plaintiff's land, the measure of damages is the value of the trees immediately after they are severed from the realty."

In the absence of any evidence to show Hart's relation to Phipps the latter is not liable.

And now February 17, 1913, the motion to take off the nonsuit is overruled.

*Error assigned* was refusal to take off nonsuit.

*Wm. F. Dannehower*, for appellant.

*Nicholas H. Larzelere*, with him *C. Henry Stinson* and *Frank L. Wright*, for appellee.

OPINION BY ORLADY, J., February 20, 1914:

The court below entered a nonsuit, and for the reasons given by the trial judge in an opinion filed overruling a motion to lift it, we decline to reverse the judgment.

Independent of the question of the plaintiff's right to maintain the action—Sauerbier's Est., 202 Pa. 187; Dunshee v. Dunshee, 234 Pa. 550; Whitney v. Backus, 149 Pa. 29,—there was not sufficient clear and specific proof adduced to fix any liability on this defendant for the trespass. There was no evidence that he did personally commit any trespass, nor that he employed or directed any other person to do so.

The act of March 29, 1824, P. L. 152, imposing a penalty of treble damages upon anyone cutting and converting to his own use, timber growing upon the land of another without the owner's consent, was intended only to prevent the willful and careless cutting of another's timber. Kramer v. Goodlander, 98 Pa. 353; Humphrey v. Cooper, 183 Pa. 432: The relation on the part of the person who did cut the trees to this defendant was not shown, and so far as this record shows, what was done by this trespasser was of his own volition.

The judgment is affirmed.