## Bair's Estate.

*Wills—Construction—Vested and contingent remainders—Rule of construction—Act of April 1, 1909, P. L. 87—Husband's election to take against will.*

1. The law favors vested rather than contingent estates and unless it clearly appears from the context or the circumstances of the case that a contingent interest was intended, the remainder will be regarded as vesting at the death of the testator and not at the expiration of the life tenancy.

2. Where time is not annexed to the gift but to the payment of it the estate is vested.

3. Whenever there is a particular estate, the determination of which does not depend on any uncertain event, and a remainder is thereon absolutely limited to a person in esse and ascertained, although the nature and duration of the estate limited in remainder may be such that it may not endure beyond the particular estate, and may therefore never take effect or vest in possession, it is not a contingent but a vested remainder.

4. The Act of April 1, 1909, P. L. 87, is an amendment to the intestate laws and in the absence of issue entitles the widow to $5,000 out of her husband's real or personal estate or both, in pref-

erence to collateral heirs; and the surviving husband has a like right in his wife's estate.

5. The fact that a husband has received a portion of the $5,000 from the personal estate does not preclude him from afterwards asserting his claim to the balance thereof against the real estate.

6. Testator devised his entire estate to his wife for life, or so long as she should remain his widow, with a provision that if she should remarry she should then have only such interest in his estate as the intestate laws provided and the remainder should go to his children; and on her death the remainder should go to testator's children, naming them, or "the survivor of them, or to the legal representatives of such as are dead, if any of them should die before my wife's second marriage or death, share and share alike." The wife survived her husband and died without having remarried. One of the children of the testator died testate and without issue before her mother, having devised whatever interest she acquired in the real estate of her father under his will. The surviving husband of such daughter elected to take against his wife's will and having received from her personal estate a sum less than five thousand dollars filed a petition to have appraised and set apart to him the balance of said amount out of such real estate. *Held,* (1) The interest acquired by such daughter under her father's will was vested and not contingent; (2) The petitioner has not forfeited his rights by laches; and (3) The prayer of the petition should have been granted.

7. The word "or" in the above will should be read "and"; and the term "legal representatives," when used in a devise of realty, is equivalent to "heirs."

Argued Oct. 11, 1915. Reargued April 17, 1916. Appeal, No. 20, October Term, 1915, by D. Scott Bair, from decree of O. C. Allegheny County, June T., 1914, No. 306, dismissing petition to set apart to surviving husband real estate from wife's property in Estate of Charlotte Bair, deceased. Before Brown, C. J., Mestrezat, Potter, Stewart, Moschzisker, Frazer and Walling, JJ. Reversed.

Petition under Act of April 1, 1909, P. L. 87, by husband of decedent for the appointment of appraisers to set apart to the petitioner out of wife's property, real estate to the value of $5,000, less a sum received by petitioner from her personal estate. Before Trimble, J.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed the petition. Petitioner appealed.

*Error assigned,* among others, was in dismissing the petition.

*Robert T. Reineman,* with him *Charles W. Jones,* for appellant.—A remainder will be held to be vested unless the contrary intention clearly appears: Manderson v. Lukens, 23 Pa. 31; Chew's App., 37 Pa. 23; Thomman's Est., 161 Pa. 444.

The uncertainty of ever taking effect in possession does not render a remainder contingent: Safe Deposit & Trust Co. of Pittsburgh v. Wood (No. 1), 201 Pa. 420; Williamson v. Field's Executors & Devisees, 2 Sandf. Ch. Rep. 533.

*Frederic W. Miller,* for Peter Kirchner, Ludwig or Lewis Kircher, and Commonwealth Trust Company, guardian of Grace, Jennie and Ruth Kircher, minors, appellees, and *Charles Schlegel,* for Elizabeth Kast, appellee.—The remainder is contingent: Rudy's Est., 185 Pa. 359; Raleigh's Est., 206 Pa. 451; Lesieur's Est., 205 Pa. 119; Sternbergh's Est., 250 Pa. 167; Frasier v. Scranton Gas & Water Co., 249 Pa. 570; Schnebly's Est., 249 Pa. 211; Rosengarten v. Ashton, 228 Pa. 389.

A husband has no right to take a contingent remainder of his deceased wife's against her will: Chew v. Commissioners of Southwark, 5 Rawle 160; Hitner v. Ege, 23 Pa. 305; Buchanan v. Duncan, et al., 40 Pa. 82; Williams v. Baker, 71 Pa. 476.

OPINION BY MR. JUSTICE WALLING, October 2, 1916:

This is the petition of a surviving husband to have real estate set apart to him under the Act of April 1, 1909, P. L. 87, and involves the question as to whether a certain legacy is vested or contingent.

In 1880 Michael Kircher died testate and the portion of his will here material is:

"As to any estate that I may die possessed of, I do give and bequeath the same whatsoever it may be, real, personal or mixed, to my beloved wife, Elizabeth, for her to have, hold and enjoy the same for and during her natural life if she should so long remain my widow. But if my said wife should at any time after my decease marry again then it is my will that she shall have out of my estate, from the time of her second marriage on, only so much as is provided by law as her share of my estate, and no more, and all the remainder shall go to my children as hereinafter provided.

"And on the death of my aforesaid wife, I direct that all my estate left in my said wife's hands after her use of the same shall go to my children, viz: Christian, George, Peter, Ludwig, Elizabeth and Charlotte, or the survivor of them, or to the legal representatives of such as are dead, if any of them should die before my wife's second marriage or death, share and share alike."

The wife survived her husband and died in 1913 without having remarried.

The daughter, Charlotte, married D. Scott Bair, the petitioner, and died testate and without issue in 1911. She devised to respondents whatever interest she acquired in the real estate of her father by his said last will.

Mr. Bair elected to take against his wife's will, and, having received $2,918.94 out of her personal estate to apply on the $5,000 to which he was entitled by virtue of said act, filed this petition to have appraised and set apart to him the balance of said amount out of the real estate.

Respondents demurred to the petition on the ground that said devise to Mrs. Bair was contingent, and as she died before the expiration of the life estate never vested in her but passed to her legal representatives. The Orphans' Court sustained the demurrer and dismissed the petition.

The word "or" in the clause, "or the legal representa-

tives of such as are dead," should be read "and"; and the term "legal representatives" when used in connection with a devise of realty is equivalent to the word "heirs": Lesieur's Est., 205 Pa. 119 (122).

In our opinion, under said will, the estate vested in Mrs. Bair on the death of her father, and, although it never came to her possession by reason of her death during the continuance of the precedent estate, was and is a part of her estate and liable to the claim of her surviving husband by virtue of said Act of 1909.

It would be unprofitable to attempt to analyze all of the authorities on this vexed question, and difficult to reconcile them. However, our conclusion appears to be fortified by the weight of authority and the better reason.

The sound rule seems to be that quoted from 1 Fearne on Contingent Remainders, p. 214 (4th American Ed.), in appellant's brief, to wit:

"For wherever there is a particular estate, the determination of which does not depend on any uncertain event, and a remainder is thereon absolutely limited to a person in esse and ascertained, in that case, notwithstanding the nature and duration of the estate limited in the remainder may be such, as that it may not endure beyond the particular estate, and may therefore never take effect or vest in possession, yet it is not a contingent, but a vested remainder......I am the more particular on this point, from a desire of preventing the errors, which must affect our conclusions upon questions of law concerning this subject, if the uncertainty of taking effect in possession, should form any part of our notion of a contingent remainder."

And tested thereby this is a vested remainder, for here the termination of the particular estate depends on a certain event, to wit, the death of the life tenant and the remainder is limited to an ascertained person in being.

"An unpossessed estate is vested, if it is certain to take effect in possession, by enduring longer than the precedent estate": Manderson v. Lukens, 23 Pa. 31, 34.

' Here the estate was bound to take effect in possession in Mrs. Bair if she survived her mother, and that seems to be the true test. The mere fact that the remaindermen may not outlive the precedent estate, so as to come into actual possession, will not without more render the estate contingent.

The language of this court in the opinion by Mr. Justice Mestrezat in Carstensen's Est., 196 Pa. 325 (335), viz: "The brothers and sisters of the testatrix were in esse at the date of her death, and the time when they were to come into possession of their legacies was fixed by will, to wit: at the death of Edward Carstensen, the life tenant. The bequest is not qualified, but is absolute and immediate. There was no condition precedent attached to the gift which the legatees were required to fulfil prior to receiving the bequest. The time fixed by the testatrix for the enjoyment of the ulterior interests in her estate was not annexed to the legacies themselves and was in no sense a part of the description of the objects of her bounty. The language of the will, under the well recognized rules of construction, does not support such a contention. It is evident that the only object of the testatrix in the postponement of the distribution of the estate among her brothers and sisters was the desire she had to give her husband a life interest in it. This is quite apparent from the whole will. We think, therefore, that the interest of the brothers and sisters was not contingent upon their surviving the life tenant, but that it vested at the death of the testatrix," is applicable here.

And to like effect is Safe Deposit & Trust Co. of Pittsburgh v. Wood (No. 1), 201 Pa. 420.

Where time is not annexed to the gift but to the payment of it the estate is vested: Sternbergh's Est., 250 Pa. 167.

"The law favors vested rather than contingent estates and unless it clearly appear from the context or the circumstances of the case that a contingent interest was intended, the remainder will be regarded as vesting at the death of the testator and not at the expiration of the life

tenancy": Bache's Est., 246 Pa. 276 (279); Tatham's Est., 250 Pa. 269; See also McClure's Est., 72 Pa. 414.

In Rudy's Est., 185 Pa. 359, the language of the devise is not the same as in this case, and besides the bequest there seems to be contained in a direction to divide, which tends to indicate a contingent estate.

In Raleigh's Est., 206 Pa. 451, it is held that under the terms of the will the estate could not vest at the earliest until the final closing up of the testator's business and payment of his debts. That case does not seem to be parallel to this.

In our opinion the words in the will here in question, "or to the legal representatives of such as are dead if any of them should die before my wife's second marriage or death," are words of limitation and not words of purchase, and that such legal representatives take by inheritance from the child so dying and not as purchasers under testators will.

Those words only define the quantity of estate and refer to the succession of the interest: Womrath, et al., v. McCormick, 51 Pa. 504 (509); Richardson's App., 19 W. N. C. 175.

The said Act of 1909 is an amendment to the intestate laws; and, in the absence of issue, entitles the widow to $5,000 out of the real or personal estate, or both in preference to collateral heirs; and the surviving husband has a like right, when as in this case he takes against the wife's will. There is nothing disclosed by this record to show that petitioner has waived his statutory right. Receiving a portion of said sum from the personal estate does not preclude him from asserting his claim to the balance thereof against the real estate, and the contention that petitioner has forfeited his right by laches is not sustained. However, he is not a legal representative of his deceased wife and does not claim as such.

The decree of the Orphans' Court dismissing the petition of appellant is reversed, the petition reinstated and procedendo awarded.