## Burkley, Appellant, v. Burkley et al.

*Wills—Construction—Estate to wife for life—Remainder "to children or their descendents"—Vested remainder—Construction of "or"—"Descendents"—Intention of testator.*

1. The estate of a remainderman who dies during the life tenancy, is vested and not contingent under a will of a testator leaving a wife and four children for whom he provided by giving to his wife certain real estate for life, or during widowhood, and stipulating that, "upon" her death or remarriage, "said estate shall fall and vest in my children or their descendents absolutely and in fee."

2. Where the will was that of a husband and father, providing for wife and children—the natural objects of his bounty—the word "or," in the phrase "said estate shall fall and vest in my children or their descendents absolutely and in fee," will be construed as being used in the conjunctive and "descendents" as being used in descriptive sense of "heirs of the body," or "issue," of his children, where it is apparent from the writing itself, in light of relevant rules of interpretation, and from the next paragraph of the will wherein testator provides for the event of his death

"without leaving issue," that testator did not intend by "decedents" to designate a certain set of persons to take directly from him at a given time.

3. The determination of the wife's life estate does not depend upon an uncertain event, and the remainder in the children is limited to ascertained persons in esse, it being certain to take effect in possession by enduring longer than the precedent estate. Under these circumstances notwithstanding the remainderman did not live to enjoy possession of his remainder, it was vested, not contingent.

*Partition—Accounting for rents—Decree adjusting rents—Equity—Rules—Master.*

4. Where a bill for partition alleges the collection of rents by the defendant and prays for an accounting thereof, the court should direct the accounting of rents collected and fix the amount of defendant's indebtedness to his cotenants, before entering a decree for partition.

5. In such a case where the court entered a decree, directing partition of real estate without first directing an accounting for rents collected and without fixing the amount due the cotenants, the Supreme Court directed the lower court to set the case for rehearing and, after finding the necessary facts, enter a decree so as to adjust the question of rents between the parties for guidance of the master in making final distribution, unless the parties in interest agree, under Equity Rule 69, that the master appointed to make partition shall act as referee to pass on the account and distribute the balance found to be due.

Submitted January 13, 1920.   Appeal, No. 160, Jan. T., 1920, by plaintiff, from decree of C. P. No. 2, Philadelphia Co., March T., 1917, No. 4570 in equity, dismissing exceptions to findings and decree of the court on a bill for partition of real estate in the case of Edward A. Burkley v. Louis F. Burkley et al.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Reversed in part.

Bill in equity for partition of real estate and for an accounting of rents.   Before WESSEL, J.

The court entered a decree directing a partition and appointed a master for that purpose.

The facts appear by the opinion of the Supreme Court.

The court dismissed plaintiff's exceptions to findings of fact and conclusions of law and entered a decree directing partition. Plaintiff appealed.

*Errors assigned* were dismissing exceptions to findings of fact and conclusions of law and decree of court.

*Wm. B. S. Ferguson,* for appellant, cited: McCullough's Heirs v. Gilmore, 11 Pa. 370; Gilmore's Est., 154 Pa. 523; Frasier v. Scranton Gas & Water Co., 249 Pa. 570; Sorver v. Berndt, 10 Pa. 213; Tomlinson's Est., 61 Pa. Superior Ct. 23; Lee v. Sanson, 245 Pa. 392.

Appellee did not file brief.

OPINION BY MR. JUSTICE MOSCHZISKER, February 2, 1920:

Plaintiff filed a bill for partition of real estate and prayed an accounting of rents alleged to have been collected by one of the defendants.

The case first involves the construction of a will, the question being whether Harry A. Burkley, a son, who survived his father, the testator, but predeceased his mother, the life tenant, took a vested fee simple in certain realty, or only a life estate.

John Peter Burkley, the testator, had a wife and four children, for whom he provided in his will by giving to Catharine Burkley, his wife, an estate for life or during widowhood, stipulating that, "upon" her death or remarriage, "said estate shall fall and vest in my children or their descendents absolutely and in fee."

We think that the word "or," which follows "children" and precedes "their descendents," is used in the conjunctive (see Bair's Est., 255 Pa. 169, 173), and that it is apparent testator did not intend by "descendents" to designate a certain set of persons to take directly from him at a given time, but used the word in the descriptive sense of "heirs of the body," or "issue," of his children;

all of this is suggested by the writing itself, when viewed in the light of relevant rules of interpretation, and is indicated by the next paragraph of the will, wherein testator provides for the event of his death "without leaving issue."

The will is by a husband and father, providing for wife and children—the natural objects of his bounty; and we see no indications therein of a desire to make any distinction between the latter. The determination of the wife's life estate does not depend upon an uncertain event, and the remainder in the children is limited to ascertained persons in esse, it being "certain to take effect in possession by enduring longer than the precedent estate." Under these circumstances, notwithstanding Harry A. Burkley did not live to enjoy possession of his remainder, it was vested, not contingent: Bair's Est., supra.

In the words of Judge WESSEL of the court below: "It is true the children are not to have the immediate enjoyment of the estate, that being deferred until the determination of the widow's interest,......but the time when it is to be enjoyed by the children depends upon a date certain to arrive, to wit, the widow's death, with a possible acceleration by a remarriage. While testator did say that, 'upon the death or marriage of my said wife, the estate shall fall and vest in my children,' [it is plain from the will as a whole that] those words do not refer to the persons who should, at the widow's death, become possessed of his estate, but to the time when his children should be entitled to [enjoy] possession thereof." We agree with the court below that Harry A. Burkley died possessed of a vested estate in fee.

The next question involved is put by plaintiff (appellant here) thus: "Is it proper practice for the court to enter a decree directing partition of real estate and appointing a master for that purpose, without first directing an accounting of rents collected, and entering a decree adjusting the equities in the balance due thereon,

where the bill for partition alleges the collection of rents
by a defendant and prays for an accounting thereof?"

The proposition just stated must be answered in the
negative. The learned court below therefore erred in re-
fusing to find as facts, alleged in the bill and not denied
by the answer, that Louis F. Burkley had collected and
failed to distribute rents of the real estate about to be
partitioned; it further erred in not ordering an account-
ing of such rents: Dunshee v. Dunshee, 234 Pa. 550, 556.

The chancellor should have had an account before
him, and fixed the amount of defendant's indebtedness
to his cotenants (Act of June 24, 1895, P. L. 237), before
entering the decree for partition (Dunshee v. Dunshee,
supra) ; but, this not having been done, when the present
record is returned, the court below must set the case
for rehearing and, after finding the necessary facts,
enter a decree in accordance therewith, so as to adjust
the question of the rents between the parties, for the
guidance of the master in making his final distribution,
—unless those in interest agree, under Equity Rule 69,
that the same person who has been appointed master
shall act as referee to pass on the account and distribute
the balance found to be due.

The two assignments of error which complain of the
trial judge's failure to order an accounting, are sus-
tained; and, to this extent, the decree is reversed; other-
wise it is affirmed. The record is remitted with a pro-
cedendo, the court below to act in accordance with the
views expressed in this opinion; costs to be paid out of
the fund for distribution.