Hoog et al. *v.* Diehl, Appellant.

Argued October 17, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Hugh Roberts,* for appellant.

*Thomas S. Lanard,* for appellees.

OPINION BY RHODES, J., December 20, 1938:

This appeal is the result of the dismissal of defendant's exceptions to the report of a master in partition proceedings, and the approval of the master's report by the court below. Emil W. Diehl and Elizabeth Diehl, his wife, became the owners in fee as tenants by entireties of premises at 131 E. Westmoreland Street, Philadelphia, Pa., by deed dated January 25, 1912. Elizabeth Diehl died on August 23, 1925. Emil W. Diehl intermarried with one Sarah Jane Shaw. On December 4, 1935, Emil W. Diehl died intestate seized of said premises, and leaving to survive him his wife, Sarah Jane Diehl, and two children by prior marriage,

Caroline Hoog and Ida Bradley. The children, on December 7, 1936, filed a bill in equity for the partition of said real estate.

In the bill the widow was named as defendant. The bill averred that Emil W. Diehl died intestate seized of the premises therein described; that he left surviving him as his heirs at law plaintiffs and defendant; that title to the said real estate was vested as follows, one-third interest therein in defendant, and one-third interest therein in each of the plaintiffs; that plaintiffs and defendant held said real estate undivided as tenants in common; and that the plaintiffs were entitled to the partition thereof. Defendant filed her answer to the bill admitting these averments. The chancellor filed an adjudication in which he found as facts those averments in the bill. In pursuance of his findings of fact and conclusions of law he decreed that partition be made of the real estate described in the bill between and among the several parties plaintiff and defendant in accordance with their several and respective interests therein, and referred the cause to a master with authority to divide and partition the real estate. The master filed an interlocutory report recommending that the court make an order that the master make sale of the whole of said real estate at public auction, as the same was not divisible. The court affirmed the report of the master, and ordered him to make sale thereof at public auction. Accordingly the premises were sold for $2,550. The master prepared his final report making distribution of the proceeds of sale. Defendant filed exceptions to this report. Exception was taken to the refusal of the master to allow defendant for counsel fees the sum of $250. An exception was also taken to the refusal of the master to allow defendant the sum of $35 for repairs. The other exceptions relate to the charging of nineteen and one-half months' rental against defendant for use and occupancy of the premises

in question at $22.50 per month from the date of the death of her husband, Emil W. Diehl, to the date of the settlement by the master with the purchaser. The master filed a supplemental report dismissing exceptions. Both reports were filed March 30, 1938. Exceptions were then filed to master's supplemental report by defendant, which the court below dismissed, and approved the final report of the master.

Defendant claimed her $500 exemption from funds in her hands as administratrix of the estate of Emil W. Diehl, deceased, and waived any claim for her widow's exemption out of the real estate of her deceased husband. It suffices to say that the matter of widow's exemption and the alleged expenditure for repairs have no foundation in the record, although among the questions involved.

The exceptions may be considered as having raised two questions which were the same as are now before us for review, to wit, (1) counsel fees, and (2) rental charge. An allowance for counsel fees to defendant was properly refused on the authority of *Biles' Appeal,* 119 Pa. 105, 12 A. 833. See, also, *Novy et al. v. Novy,* 324 Pa. 362, 188 A. 328.

Our views do not coincide with those of the master and the court below in holding that defendant was chargeable with rent for use and occupancy of the premises from the day of the death of her husband to the day of settlement with the purchaser in the amount of $438.75. To this extent we think the distribution of the proceeds of the sale in partition must be modified. The court below, in our judgment, erred in dismissing the exceptions to the master's finding that defendant was chargeable with the rental value of the premises, and to his action in deducting the proportionate parts of plaintiffs of any rental value of said real estate from the distributive share of defendant. The decree directing partition of the real estate and appointing a master

18

for that purpose did not attempt to authorize the master to find and adjust the rental value thereof. Naturally the matter of rental was not incorporated in the decree and reference; no finding was made by the chancellor as to who was in possession of the premises. There was no averment in the bill in equity as to possession or occupancy. It was entirely barren of any reference thereto, and there was no demand therein for plaintiffs' proportionate part of any rental value of said real estate. The prayer of plaintiffs related only to the division and partition of the real estate, and the procedure to be followed in the event the real estate could not be divided without prejudice to or spoiling the whole. The decree of the court conformed with the prayer in the bill and the facts found. See Act of July 7, 1885, P. L. 257, as amended by the Act of March 26, 1919, P. L. 26. Hence it was not within the province of the master to make a finding of rental value and reduce defendant's distributive share accordingly. He was limited to making the partition as directed. The master merely executes the decree of the court after the rights of the parties have been judicially determined. *Lincoln v. Africa,* 228 Pa. 546, 548, 77 A. 918.

The Act of June 24, 1895, P. L. 237, §1, 68 PS §101, gave to tenants in common who have been out of possession the right to recover from those who have been in exclusive possession their proportionate share of the rental value of the real estate held in common. *Dorrance v. Ryon,* 35 Pa. Superior Ct. 180, 184. This act further provides that in case of partition of real estate held in common the parties in possession shall have deducted from their distributive shares of such real estate the rental value thereof to which their cotenant or tenants are entitled. See *Lancaster v. Flowers,* 208 Pa. 199, 204, 57 A. 526. The Act of 1895, supra, has changed the common law rule that there could be no recovery by one tenant in common out of possession from his cotenant in possession of a share of the rental

value of the property, without proof of an agreement to pay the same. See *Kline v. Jacobs,* 68 Pa. 57; *Enterprise Oil & Gas Co. v. National Transit Co.,* 172 Pa. 421, 33 A. 687; *Cornelius v. Cornelius,* 104 Pa. Superior Ct. 455, 457, 160 A. 150; *Lipschutz v. Lipschutz,* 124 Pa. Superior Ct. 380, 385, 188 A. 556. But exclusive possession is a prerequisite to the right of the tenant in common not in possession to recover from the tenant in possession his or her proportionate share of the rental value of the real estate for the time such real estate has been in the possession of the other.

The right of one out of possession to recover his proportionate part of the rental value of the real estate from the cotenant in possession is statutory, and the latter is only liable because he was in possession of the premises to the exclusion of the other cotenant. For plaintiffs to be entitled to a share of the rental value of the premises sold in partition, it must appear that plaintiffs were out of possession, and that defendant was in exclusive possession. The statute is not automatically operative. To recover on the basis of the right created by the statute plaintiffs must aver the existence of all the facts which the statute has by its terms made essential to the existence of the statutory right. Plaintiffs' bill in equity made no averment that defendant was in possession, and that they were excluded. Defendant's answer admitted the averments set forth in the bill; there was no admission of what was not pleaded. The bill and answer circumscribed the issues, and neither court nor master could enlarge them.

It is argued on behalf of plaintiffs that, the chancellor having found without any exception thereto that plaintiffs and defendant each had an undivided one-third interest in the real estate, therefore, defendant, who owned said real estate in common with plaintiffs and occupied the same, must pay rent for it. To this argument we repeat that (1) there was no averment in the

bill of either occupancy or possession by defendant to the exclusion of plaintiffs; (2) the adjudication contained no findings of fact necessary to establish plaintiffs' right to a proportionate part of the rental value of the real estate; (3) the decree of the court did not provide, after findings of the necessary facts, for the adjustment of the question of rental value between the parties for the guidance of the master in making his final distribution; (4) the parties in interest did not agree that the master act as referee for that purpose. See *Palethorp v. Palethorp et al.*, 194 Pa. 408, 45 A. 322; *Dunshee v. Dunshee*, 234 Pa. 550, 556, 83 A. 422; *Lincoln et al. v. Wakefield et al.*, 237 Pa. 97, 107, 85 A. 133; *Burkley v. Burkley et al.*, 266 Pa. 338, 342, 109 A. 687.

We find no basis for the master's assumption of the right to inquire into the rental value of the property and make a corresponding deduction from the defendant's distributive share of the proceeds of sale.

The schedule of distribution should be corrected by the elimination of any rental charge against defendant, and thereafter distribution of the net proceeds of sale made in accordance with the respective interests of the parties entitled thereto. With this modification the order of the court below approving the report of the master is affirmed. Costs are to be paid as follows: plaintiffs two-thirds, defendant one-third.