## APPEAL OF SARA L. KEIM, EXRX.

[Estate of Esther High, Deceased.]

FROM THE DECREE OF THE ORPHANS' COURT OF BERKS COUNTY.

Argued March 6, 1889—Decided April 15, 1889.

(a) The will of a testatrix provided: "I do hereby give, devise, and bequeath unto my two nephews, I. H. K. and B. H. K., in common during life, the possession, use, benefits, rents, issues, and profits of all that certain one acre, more or less, lot of ground, situate . . . . . to be enjoyed by the said I. H. K. and B. H. K. during life, and immediately after their decease the same shall descend to their children in equal shares, or their heirs, yet so that the children of each only divide between them the share which belonged to their father."

Opinion of Court below.

(*b*) In 1856, the devisees petitioned the Orphans' Court for an order to sell the lot, under the act of April 18, 1853, P. L. 503, the petition reciting, inter alia, that the purpose of the sale was to bar any and every estate tail and contingent remainder. The sale was ordered and made by B. H. K., whom the court appointed trustee for the purpose.

(*c*) Neither devisee ever had any children, and both died. On April 18, 1886, K., the executrix of B. II. K., filed her account, in which she charged herself with B. H. K.'s share of the proceeds of the sale as due and belonging to the administrator d. b. n. c. t. a. of H.'s estate, which account was confirmed and distribution ordered and made.

(*d*) In May, 1887, K. petitioned the court to revise her account, on the ground that she had just been advised that the sale in 1856 had enlarged B. II. K.'s estate to a fee, and that as his executrix and the beneficiary under his will, she was entitled to the fund.

1. Primarily and generally the word, "children," in a will, is a word of purchase, and while it may be used to signify "heirs," or "heirs of the body," it will not be so construed unless the testator has employed other words indicative of an intention to use it as a word of limitation.

2. Examining the whole will, no intention is disclosed that the children of the devisees should take directly from their parents, and not under the will; wherefore, B. H. K. took only a life estate in the lot devised and in the proceeds of the sale after it was converted.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 117 January Term 1889, Sup. Ct.

On May 2, 1887, Sara L. Keim, executrix and legatee under the will of Benneville H. Keim (also known as DeBenneville Keim), filed a petition for a citation upon Abner K. Stauffer, administrator d. b. n. c. t. a., of Esther High, deceased, to show cause why the account of petitioner as such executrix, filed April 28, 1886, should not be reconsidered, revised and corrected. The petition set forth the facts contained in the syllabus.

To the said petition the respondent filed an answer and also a demurrer, the ground assigned for the latter being that the court had no power or jurisdiction to grant the relief prayed for.

Testimony taken having been filed and the cause argued, the court, SCHWARTZ, P. J., on March 26, 1888, filed an opinion which, after reciting the facts, continued:

To this petition and citation granted thereon the respondent demurred and answered. In my opinion the demurrer cannot

and should not be sustained. The funds in dispute are still in Stauffer's possession. If he received them erroneously and through misconception of law, or through want of information as to the facts relating thereto, common honesty should dictate to all right-minded people the propriety of the return of the funds to the parties really entitled to them. Technicalities should not be permitted to interfere with justice and equity in a case of this kind.

It is overruled for these reasons : The answer admits the averments embraced in paragraphs Nos., 1 and 5, and alleges want of information as to the facts set out in paragraph No. 3. Under them, he obtained the decree distributing the funds to him. If the sales had not taken place, these moneys would not be for distribution. It will not do to deny the sales. The force and effect of the sales will be considered later on. All of the petitioner's other averments are controverted by the respondent. In disposing of the respondent's technical interposition to the citation, the court takes the liberty of saying that the invocation is inapplicable. It neither comports with justice nor equity. The moneys in dispute remain still in the possession of the respondent, and can be returned to the petitioner without loss or injury to any one. The statute and decisions cited in support of his answer and argument are not applicable. When the reason of a law ceases, it should become inoperative.

This cause must be considered upon its merits. The question raised here arose before us upon the adjudication of the account of decedent on the estate of Isaac H. Keim, deceased. In that case the court found that under the will of Esther High, deceased, Isaac H. Keim had a like interest in the fund; that after his death it went to his children, if any, and their heirs, and in default of such children or their descendants that it should revert to the heirs of her deceased sister, Mary H. Keim. The moneys embraced in the account on the estate of Isaac H. Keim, and that under consideration here, come to them under the same item of Esther High's last will and testament. Neither of them had any children of their own body begotten. In each case their inheritable blood is the same.

In the distribution of the former's estate the fund was awarded to the heirs, to the exclusion of the decedent's creditors.

This court there held that he had a life estate in the property and fund, and no more. In the adjudication of the trust account of the latter's estate as filed by Sara L. Keim, executrix, the court found its former interpretation correct; that is to say, DeBenneville Keim had only a life estate in the fund, and that the same would have to be distributed to the parties entitled thereto under the will of Esther High, and distributed it to Abner K. Stauffer as administrator d. b. n. c. t. a. of Esther High, deceased.

Here the following questions suggest themselves: Was the court in error in its former findings? Should it, upon the adjudication of the account of DeBenneville Keim, as trustee of Isaac H. Keim, have awarded the balance for distribution to his representative for his creditors, instead of to the legatees under Esther High's will? And could it now, when the fund in contention is before the court for distribution, give it to any one except to the beneficiaries under Esther High's will, viz.: the heirs of Maria H. Keim, deceased?

In determining the answers to the above questions Esther High's will must be examined and construed.

The fund for distribution about which the contention is, was realized from the sale of the real estate devised to them by the fifth item of her will, by which she gave and devised to her nephews, Isaac H. Keim and DeBenneville Keim, "during life, the possession, use, benefits, rents, issues, and profits" of an acre of land in the borough of Reading, to be enjoyed by the said Isaac H. Keim and DeBenneville Keim during life; " and immediately after their decease, the same shall descend to their children in equal shares, or their heirs, yet so that the children of each only divide between themselves the share which belonged to their father." And she further bequeathed to said DeBenneville Keim alone during life, " the yearly interest on one thousand dollars cash and four shares of stock in the Farmers' Bank of Reading, one sixth part of a fifth part of the residue of my estate; and immediately after his decease, the said principal of one thousand dollars, bank stock, sixth part of a fifth part of my estate. shall be equally divided between the children of the said DeBenneville Keim or their heirs." By the 16th item of her will, being her residuary clause, she bequeaths, etc., " another of said fifth part shall be

equally divided among the issues of my deceased sister, Mary H. Keim."

The question here suggests itself, What estate did DeBenneville Keim take under his aunt's will in said acre of land? Was it one in fee-tail, or only a life estate? The answers to these questions must be gathered from the contents of the will. It expressly limits the estate to DeBenneville Keim for life, and further provides that immediately after his death the same shall be equally divided among " his children or their heirs." This language beyond a doubt limits the land to him for life.

I can see nothing in the devising clause to him, or in any other portion of her will, which might or could vest the premises to him in fee or in fee-tail. It is equally clear that she did not intend to make DeBenneville Keim the stock or ancestor through whom the " children or their heirs " should take by way of inheritance. On the contrary, it appears that he was only to enjoy the profits of this land during his natural life, and his children and their heirs, if any, should take the remainder, as immediate objects of her bounty. The word " children " employed by a testator is primarily a word of purchase. It is only construed as a word of limitation when it can take effect in no other way: Buffar v. Bradford, 2 Atk. 222.

If the words " or their heirs " are to be regarded as words of limitation of the estate given to the remainder, the question is settled. It is, however, well settled that words of distribution with words of limitation superadded, show that those in remainder take not as heirs, even though described as such, but as a new root of succession : Guthrie's App., 37 Pa. 9 ; Abbott v. Jenkins, 10 S. & R. 296. If, on the other hand, the words " or their heirs " are to be regarded to mean the child or children of DeBenneville Keim, then there is nothing that looks to a succession, and nothing that looks beyond the individuals mentioned in the will and in being at DeBenneville's decease.

For these reasons I am constrained to continue to hold that DeBenneville Keim, like his brother Isaac H. Keim, took but a life estate in the real and personal property bequeathed to him by his aunt, Esther High, deceased.

Citation dismissed at the cost of the ~etitioner.

A decree having been entered dismissing the citation, the petitioner took this appeal, assigning for error the dismissal of the citation, and the refusal of the court to decree that her account should be corrected, by striking out the item of $2,752.06 from the debit side thereof, and that said sum should be refunded to her as executrix by Stauffer as administrator.

*Mr. Horace Roland* (with him *Mr. Isaac Hiester*), for the appellant.

*Mr. S. M. Meredith* (with him *Mr. A. K. Stauffer*), for the appellee.

OPINION, MR. JUSTICE STERRETT:

One of the questions involved in this contention is whether, under the fifth clause of their aunt's will, Isaac H. Keim and DeBenneville H. Keim took anything more than a life estate in the lot demised to them " in common during life, . . . . . to be enjoyed by the said Isaac H. Keim and Benneville H. Keim during life, and immediately after their decease, the same shall descend to their children, in equal shares or their heirs, yet so that the children of each only divide the share that belonged to their father."

The question arose thus: On petition of the devisees, in 1856, the Orphans' Court ordered a private sale of the lot under the act of 1853, and appointed DeBenneville H. Keim trustee to make the sale. He gave bond and sold the lot in pursuance of the order for five thousand five hundred and four dollars and twelve cents ($5,504.12). Both of the devisees afterwards died without issue. Neither of them ever had any children. DeBenneville H. Keim died testate, leaving a widow, the appellant, whom he appointed executrix. In April, 1886, she filed in the register's office what purports to be, " Account of Sara L. Keim, executrix of DeB. Keim, who was the trustee for the sale of real estate (devised by Esther High in her last will and testament, proved May 5, 1848, to Isaac H. Keim and DeBenneville Keim for life) appointed by the Orphans' Court of Berks county," etc. In that account she charges herself " with the following sums which have become due and payable upon the death of said DeBenneville Keim deceased, according to the will of said Esther High deceased."

" To amount secured in lot of ground, . . . . . in which said DeBenneville Keim had a life interest of one half, and which property was sold by order of the Orphans' Court for $5,504.12.

| | | |
|---|---|---|
| " To one half of $5,504.12 | . . . | $2,752.06. |
| " To four shares Farmers Bank Stock . | . | 244.00. |
| | | $2,996.06." |
| Total credits claimed | | 82.50. |
| Showing balance | | $2,913.56. |

This account was duly confirmed, and on October 19, 1886, the court ordered $2,667.56, of the balance, representing the fund raised by sale of the lot, etc., to be paid to A. K. Stauffer, administrator de bonis non etc. of Esther High, deceased; and, as appellant represents in her petition hereinafter referred to, the said sum was paid by her to the administrator de bonis non, in pursuance of the order of court.

In thus settling the account and distributing the balance, the fund arising from sale of the lot was evidently treated as representing real estate in which appellant's husband, DeBenneville H. Keim, had merely an estate for life.

In May, 1887, appellant presented her petition to the Orphans' Court, setting forth in substance, inter alia, that under the will of Esther High and the proceedings in said court, her husband was entitled to one half proceeds sale of the lot, absolutely, and not merely to the interest thereon during his life; that, through ignorance of her rights, etc., errors occurred in the statement of her account, as executrix of her deceased husband and in the decree distributing said balance, and praying the court that so much of the account as she alleged to be erroneous may be reviewed and corrected.

The demurrer and answer to the petition raised two principal questions: 1st. Whether the bill of review is not too late after the money has actually been paid to the person entitled thereto in accordance with the decree of the court; and 2d. Whether DeBenneville Keim and his brother took anything more than a life estate in the lot under their aunt's will, or in the proceeds sale after the land was converted into money by virtue of the proceedings in the Orphans' Court.

Opinion of the Court.

As to the latter question, the learned judge of the Orphans' Court was of opinion that the will gave a life estate in the lot to DeBenneville Keim and his brother, as tenants in common, with remainder to their children respectively ; but, inasmuch as the tenants for life both died without ever having had any children, the money which represented the land reverted to the estate of the testatrix Esther High, to be distributed under the residuary clause of her will. In this we think he was right. Primarily and generally, the word " children," in a will, is a word of purchase, and, while it may be used to signify " heirs " or " heirs of the body," it will not be so construed unless the testator has employed other words indicative of an intention to use it as a word of limitation. The devise in this case is to " Isaac H. Keim and DeBenneville Keim in common during life," to be enjoyed by them " during life," thus clearly defining and limiting the estate given to them. The remainder is given to their children in equal shares, etc. The general rule undoubtedly is, that under a devise to one for life, with remainder to his children, the first taker has no freehold of inheritance. The fact that the devisee was without children when the will was made, as well as when it took effect by the death of the testator, does not change the rule : Cote v. Von Bonnhorst, 41 Pa. 243.

It is suggested that the use of the word " descend " by the testatrix, indicates an intention that the children should take directly from their respective parents, and not under her will, by way of remainder, but we think an examination of the whole will discloses no such intention. In the next preceding clause, after giving a life estate to other two of her nephews, she directs that immediately after the death of either life tenant, " the undivided half of the one so dying shall go to and be enjoyed in equal shares to his children or to their heirs." In this, she evidently intended that the remainder thus disposed of should go to the children under the provisions of her will, and not that they should take as heirs of their deceased parent. On the whole, we think there was no error in construing the clause of the will in question.

As to the other question, we incline to think the appellee's demurrer should have been sustained, but the decision of the

court being in favor of appellant, the question is not necessarily before us.

Neither of the assignments of error is sustained.

Decree affirmed and appeal dismissed at the costs of appellant.