Sadie J. Reimer and Mrs. Carrie Baxter and Elmer J. Baxter, her husband, in right of the said Mrs. Carrie Baxter, *v.* Isabella Reimer, Appellant.

*Will—Devise—Rule in Shelley's case.*

A devise of land to a daughter "for her use and benefit during her natural life, and provided she leaves no heirs, in that case said property to be sold and the proceeds divided amongst her brothers and sisters and their heirs," creates an estate in fee simple in the daughter.

A devise of land to a daughter "for her sole use and benefit during her natural life and for her heirs; if dying she leaves no heirs, then the said property to be sold and divided amongst her brothers and their heirs," creates an estate in fee simple in the daughter.

Argued Oct 26, 1898.    Appeal, No. 179, Oct. T., 1898, by defendant, from judgment of C. P. Westmoreland Co., May Term, 1898, No. 533, for plaintiffs on case stated.    Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Case stated to determine the marketable title to real estate. Before DOTY, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment for plaintiffs on the case stated.

*M. N. McGeary*, with him *J. R. Spiegel*, for appellant.— The language of the will vests in the plaintiffs only a life estate in the lands mentioned, or at most an estate less than a fee simple: Lessee of Findlay v. Riddle, 3 Binney, 139; Cote v. Von Bonnhorst, 41 Pa. 243; Gernet v. Lynn, 31 Pa. 94; Chew's App., 37 Pa. 23; Guthrie's App., 37 Pa. 9; Keim's App., 125 Pa. 480; List v. Rodney, 83 Pa. 483.

*H. H. Dinsmore*, for appellees.—The words, "if she leave no heirs," and similar expressions, mean an indefinite failure of issue: Grimes v. Shirk, 169 Pa. 74; Lawrence v. Lawrence, 105 Pa. 335; Hill v. Hill, 74 Pa. 173; Kay v. Scates, 37 Pa.

31; Eichelberger v. Barnitz, 9 Watts, 447; James's Claim, 1 Dallas, 47.

The word "heirs" in a will is a word of limitation and not of purchase, and the presumption of the law always is that it is used in its technical sense. The intent not to use it in its legal sense must be unequivocal, it must appear so plainly that no one can misunderstand it: Guthrie's App., 37 Pa. 9; Nice's App., 50 Pa. 143; Auman v. Auman, 21 Pa. 343.

The word "heirs" being used in its technical sense as a word of limitation, the rule in Shelley's case applies: Doebler's Appeal, 64 Pa. 9; Kleppner v. Laverty, 70 Pa. 70; Haldeman v. Haldeman, 40 Pa. 29; Seely v. Seely et al., 44 Pa. 434; Yarnall's Appeal, 70 Pa. 335; Carroll v. Burns, 108 Pa. 386; Appeal of Cockins and Harper, 111 Pa. 26; Bassett v. Hawk, 118 Pa. 94; Reinoehl v. Shirk, 119 Pa. 108; Cochran v. Cochran, 127 Pa. 486; Hackney et al. v. Tracy et al., 137 Pa. 53; Hiester v. Yerger, 166 Pa. 445; Potts v. Kline, 174 Pa. 513; List v. Rodney, 83 Pa. 483; Physick's App., 50 Pa. 128; Smith's App., 23 Pa. 9; Fitzwater's App., 94 Pa. 141.

OPINION BY MR. JUSTICE McCOLLUM, October 6, 1899:

The question presented by the case stated is whether the plaintiffs have a title in fee simple to the land described in the article of agreement, or only a life estate therein. If they have a title in fee simple the judgment entered by the court below must be sustained, and if they have but a life estate it must be reversed. The parts of the will which relate to the contention in this case are as follows: "Item, I give and bequeath to my daughter, Sarah Reimer, the double frame house and lots on the northwestern corner of Carver and Park Ave. Also one third of the grounds on Frankstown Avenue between Isabell's lots and the improved lots belonging to my wife, Mary A. Said lots being for her use and profit during her natural life and provided she leaves no heirs in that case said property to be sold and the proceeds divided amongst her brothers and sisters and their heirs. Item, I give and bequeath to my daughter Caroline Reimer, the double frame house and lot on Park Ave. adjoining lot of Sarah Reimer between Carver and Meadow streets. Also one third of grounds on Frankstown Ave. Between Isabell's house and the improved lots belonging to my

wife, Mary A. Reimer. Also one lot on the northerly side of
Carver street, 23 × 100 feet next lands of Andrew Reimer
between Park and Ashley street, the said lots being for her sole
use and benefit during her natural life and for her heirs, if
dying she leaves no heirs, then the said property to be sold and
divided amongst her brothers and sisters and their heirs."

The estates devised to the plaintiffs respectively are of the
same nature. There is no room in the devises for a construc-
tion which passes to one plaintiff a title in fee simple, and to
the other a life estate. This much is conceded by the defend-
ant. But it is contended in her behalf that the word "heirs"
in each devise is a word of purchase and means "children."
The principal case relied on by the defendant to sustain this
contention is Lessee of Findlay et al. v. Riddle et al., 3 Binney,
139. But an examination of the will in the case cited shows
that its provisions differ materially from the provisions of the
will under consideration in the case at bar. Matters which
influenced the construction of the will in the former case are
not present, and cannot control the interpretation of the will in
the case before us. The other cases cited by the defendant are
Cote et al. v. Von Bonnhorst, 41 Pa. 243, Gernet et al. v. Lynn
et al., 31 Pa. 94, Guthrie's Appeal, 37 Pa. 9, Chew's Appeal, 37
Pa. 23, List v. Rodney et al., 83 Pa. 483, and Keim's Appeal,
125 Pa. 480. In these cases the testator or testatrix devised
or bequeathed to a son or daughter or nephew a life estate with
remainder in fee to their children. The word "children" being
a word of purchase, and there being nothing discoverable in
the wills which authorized a conclusion that it was intended
or used as a word of limitation, the first takers were held to
have a life estate only. It is very clear that these cases are not
decisive of or applicable to the case at bar. The word "heirs"
in the parts of the will under consideration in the latter is a
word of limitation, and there is no warrant in the will for an
interpretation of it in accordance with the defendant's con-
tention.

Our conclusion from an examination of the cases which seem
to us as applicable to the case in hand is that the plaintiffs have
a fee simple title to the land in question. The cases to which
we call particular attention are Doebler's App., 64 Pa. 9, Klepp-
ner v. Laverty, 70 Pa. 70, and Grimes v. Shirk, 169 Pa. 74. In

the latter case Judge LIVINGSTON in an exhaustive opinion reviewed the cases pertinent to the subject considered in this case and to them, in addition to the cases cited, we refer.

Judgment affirmed.