## Hoover, Appellant, *v.* Strauss.

*Will—Devise—Rule in Shelley's case.*

The testator after devising a house to his grandson A, for life, charged with a valuation of $1,200 and an obligation to keep in repair, provided in his will that "after the death of my said grandson A, I give and devise said house and lot of ground as above described unto his children. To have and to hold the said described property with the appurtenances, unto his children, their heirs and assigns forever." And in a later clause directing the division of his general estate he provided that "one other equal one-fifth share thereof I give and bequeath to the three children of my daughter," A being one, "but A is to have twelve hundred dollars less than the others, the amount I charged against him for the house and lot which I have given to him during his lifetime as before mentioned, their heirs or legal representatives." *Held*, that the rule in Shelley's case did not apply, and that A took a life estate only.

Argued Feb. 26, 1906. Appeal, No. 213, Jan. T., 1905, by plaintiff, from judgment of C. P. Berks Co., Dec. T., 1904, No. 53, on case stated in suit of Albert R. Hoover v. Cameron E. Strauss. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine marketable title to real estate.

From the record it appeared that plaintiff claimed a fee in the land under the will of his grandfather, George Reinhold, and that he contracted to sell the land to defendant for $2,000. The material portions of the will are quoted in the opinion of the Supreme Court.

The court entered judgment for defendant on the case stated.

*Error assigned* was in entering judgment for defendant on the case stated.

*Foster S. Biehl,* for appellant.

*William J. Rourke,* for appellee.

PER CURIAM, May 7, 1906:

The testator after devising the house to his grandson, Albert Hoover, for life, charged with a valuation of $1,200 and an obligation to keep in repair, provided in his will that "after the death of my said grandson Albert Hoover, I give and devise said House and Lot of ground as above described, unto his children, to have and to hold the above said described property with appurtenances, unto his children, their heirs and assigns forever." And in a later clause directing the division of his general estate he provided that "one other equal one-fifth share thereof I give and bequeath to the three children of my daughter, Ann, Albert, George and Laura R. Hoover, but Albert is to have $1,200 less than the others, the amount I charged against him for the House and Lot which I have given to him during his lifetime as before mentioned, their heirs or legal representatives."

It is argued by appellant that in this latter clause the testator has used words which bring the devise within the rule in Shelley's case, and that this construction must carry with it the language of the first devise to Albert with remainder to his children. But there is no occasion to do this. Testator's intent is clear and his language is not within any rule that requires his actual intent to be disregarded. Children is primarily a word of purchase, and is never to be construed otherwise except where the testator has clearly used it as a word of limitation. See Keim's Appeal, 125 Pa. 480, a much stronger case than the present. There is nothing in this will to indicate any such use. The words "heirs and assigns" and "heirs or legal representatives" in the clauses quoted do not refer at all to the grandson Albert but to his children to indicate that they were to take in fee. Prior to our wills act unless such words were used the children would have taken only life estates, and the previous custom of conveyancing has in many cases been continued ex abundanti cautela.

Judgment affirmed.