## Shields *v.* Aitken, Appellant.

*Wills—Construction—Life    estate—Children—Estate    in    remainder—Partition—After-born  children.*

1. Where a testatrix gives to her son and to her daughter all her estate "for and during their natural lives in equal parts, share and share alike and at the death of him or her as aforesaid . . . . . . to their children (my grandchildren) i. e. the share devised to my son to go to his children, and the share to my daughter to go to her children," the word "children" is a word of purchase, and not a word of limitation, and the son and the daughter take estates for life with remainder to their children.

2. Where on a bill for partition it appears from the bill itself that one of the parties defendant had a life interest only in a share of the estate with remainder to his children, and through an oversight, no action is taken to protect the contingent interests of after born children before the entry of decree for partition and the appointment of a master, the court may, before the sale is made, appoint a trustee to represent the contingent rights of such unborn children. Such action of the court cannot be regarded as an amendment to the bill and does not affect in any way the rights of the defendant in question or of his then existing children.

3. On a bill for partition the court errs if it does not ascertain and define the respective interests of the parties before appointing a master to make partition; but if it appears that such action of the court does not harm any party in interest, the appellate court will not reverse the decree for such irregularity.

Argued Feb. 19, 1912.   Appeal, No. 240, Jan. T., 1911, by defendants from decree of C. P. Lackawanna Co., May T., 1909, No. 7, on bill in partition in case of M. J. Shields, et al., v. John W. Aitken, et al.   Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for partition.

From the record it appeared that the title to the real estate in question was derived from Anna M. Aitken, who died seized thereof on January 1, 1894, leaving a will by which she devised the property to her son John

M. Aitken and her daughter Louise, "during their natural lives" and after their deaths to their children. The material portion of the will was as follows:

"I give, devise and bequeath unto my son John W. Aitken, and daughter Louise, wife of Henry B. Jadwin, the use of all my estate, real, personal and mixed, of what nature of kind soever, and wheresoever the same shall be at the time of my death, for and during their natural lives, in equal parts, share and share alike, and at the death of him or her, the share thereby devised or bequeathed to him or her as aforesaid, I give, devise and bequeath absolutely to their children (my grandchildren), i. e. the share devised to my son John to go to his children, and the share devised to my daughter Louise to her children, share and share alike to their heirs and assigns forever."

The plaintiffs claimed under Louise Jadwin. The defendants were the son of the testatrix and her children.

After the decree in partition was entered and a master appointed, but before the sale, the court appointed a trustee to represent the contingent rights of any unborn children of John W. Aitken.

Other facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) in confirming the return of sale; (3) in appointing a trustee; (5) in not ascertaining the parties in interest and their respective rights before referring the case to a master, and (8) in holding that John W. Aitken took a life estate only.

*Morton W. Stephens* and *Thos. F. Wells,* for appellant.—The decree resting on the master's report has absolutely nothing to support it, and it is therefore a nullity: Palethorp v. Palethorp, 184 Pa. 585; Lincoln v. Africa, 228 Pa. 546.

· The son took a fee: McKee v. McKinley, 33 Pa. 92; Brinton v. Martin, 197 Pa. 615; Potts v. Kline, 174 Pa. 513; Haldeman v. Haldeman, 40 Pa. 29; Moyer v. Rentschler, 231 Pa. 620; Price v. Taylor, 28 Pa. 95; Potts's App., 30 Pa. 168; Smith v. Lindsey, 37 Pa. Super. Ct. 171; Simpson v. Reed, 205 Pa. 53; Pifer v. Locke, 205 Pa. 616; Vilsack's Est., 207 Pa. 611.

*R. D. Stuart, M. J. Martin* and *C. H. Horton,* for appellees.—The appointment of the trustees for unborn children and the amendment of the bill nunc pro tunc was properly allowed: Holmes v. Fulton, 193 Pa. 270; Dick's App., 106 Pa. 589.

John W. Aitken has only a life estate: Keim's App., 125 Pa. 480; Hague v. Hague, 161 Pa. 643; Lancaster v. Flowers, 198 Pa. 614; King v. Savage Brick Co., 30 Pa. Super. Ct. 582.

OPINION BY MR. JUSTICE POTTER, April 8, 1912:

* This was a bill in equity for the partition of real estate. The questions raised by the assignments of error are, 1. The regularity of the proceedings. 2. Whether the appointment of appellant as trustee for his unborn children was erroneously made. 3. Whether, under the will, appellant took a fee simple estate in one-half of the estate, and not merely a life estate.

As to the first question, it is true that the court below did not ascertain the interests and titles of the parties or embody them in its decree as it should have done. The proper practice in proceedings in equity for partition is pointed out in Palethorp v. Palethorp, 194 Pa. 408. See also Lincoln v. Africa, 228 Pa. 546; Dunshee v. Dunshee, 234 Pa. 550. In the present case, however, there was an agreement of counsel as to the facts, in which the interests of the respective parties were stated. No appeal was taken from the decree awarding the partition and referring the cause to a master. In the master's report, which was confirmed by the court below,

the interests and titles of all parties were ascertained, and were fixed in accordance with the bill and the agreement of counsel, as filed. Appellant raised in the court below the questions affecting his own interest and title and the correctness of the adjudication in so far as it concerned him, by his exceptions to the master's report and to the decree confirming the sale; and these questions were considered by the court below, and they are also presented in the present appeal. While the court below therefore erred in not ascertaining and defining the respective interests of the parties, before appointing a master to make partition, yet it does not appear that the appellant was in any way harmed by such error. To send the case back on account of irregularity in this respect, would merely result in useless delay, without any corresponding benefit to anyone.

The interests in remainder given by the will of Anna M. Aitken were to the children of her son John W. Aitken and her daughter Louise Jadwin. The latter died before the filing of the bill in this case, and there was therefore no possibility of further children being born to her; but the son John W. Aitken is still living. Under the Act of June 3, 1840, P. L. 593, the court is empowered to make such order in regard to the purpart in which unborn persons may have an interest as equity and justice may require. This act related only to writs of partition at law, but under subsequent legislation full jurisdiction in partition has been conferred on courts of equity. See Acts of March 17, 1845, P. L. 158; February 14, 1857, P. L. 39; July 7, 1885, P. L. 257. In the bill filed in the present case it was not expressly averred that there was an interest in remainder in possible unborn children. But the provisions of the will are set forth, and it was stated that John W. Aitken was living, he being made a party defendant. The possibility of such contingent interests therefore appeared from the bill. The matter was apparently overlooked prior to the entry of the decree for partition, and the appointment

of a master; but before the sale was made, the court did appoint a trustee to represent the contingent rights of unborn children of John W. Aitken, and the record was amended so that this appointment and order appeared, nunc pro tunc, as of the date of the filing of the bill. The order to this effect was made on April 20, 1911, and the sale took place April 22, and was confirmed nisi May 13, and absolutely on August 14, 1911. The property was not divided, or taken by the parties in interest, but was sold by the master. The order which was made for the protection and security of the unborn children seems to have been clearly within the provisions of the act, and was such "as equity and justice may require." There is nothing to show that the appellant was in any way harmed by the omission to appoint a trustee earlier in the proceedings. Undoubtedly that would have been the better practice. It is suggested that the raising of questions as to the validity of the proceedings might affect the price to be obtained for the property, and prevent possible purchasers from bidding. The record does not show that this was the case, or that the property was not sold for a fair price. The action of the court in appointing a trustee to represent the interests of appellant's unborn children can hardly be regarded as an amendment to the bill. This appointment did not affect in any way the rights of appellant or of his then existing children.

The clause of the will under consideration is as follows: "I give, devise and bequeath unto my son, John W. Aitken and my daughter, Louise, ...... the use of all my estate, real, personal and mixed, ...... for and during their natural lives, in equal parts, share and share alike, and at the death of him or her as aforesaid, I give, devise and bequeath absolutely to their children (my grandchildren) i. e. the share devised to my son John, to go to his children, and the share to my daughter Louise, to go to her children, share and share alike, their heirs and assigns forever."

The court below held that under this clause, appellant took only a life estate in half of the premises which were the subject of partition. In this view we think he was right, as there is nothing in the will to show that testator used the word in any other than the ordinary sense, which is that of personal description, and in which it is a word of purchase and not of limitation. In Guthrie's Appeal, 37 Pa. 9, Mr. Justice STRONG said (p. 14): "The word children is not a word of limitation, but of personal description. In Buffar v. Bradford, 2 Atk. 220, Lord Hardwicke said: 'Children, in their natural import, are words of purchase, and not of limitation, unless it is to comply with the intention of the testator, when the words cannot take effect in any other way.' ...... Admitting ...'... that the word 'children' may be construed to mean 'heirs of the body,' yet there must be an express warrant for this change of its legitimate meaning, under the hand of the author of the gift. The intention to use it as a word of limitation, contrary to its natural import, must be rendered clear by the words of the grantor or testator himself." In Oyster v. Oyster, 100 Pa. 538, Mr. Justice PAXSON said (p. 540): "Without reviewing the learning upon this subject, it is sufficient to say that the authorities are uniform that 'children' is as certainly a word of purchase as 'heirs of the body' are words of limitation. ...... This is the general rule, and the exceptions which from time to time have been recognized do not impair the rule itself. There are many instances in our state where 'children' has been held to be a word of limitation, but in all of them such construction was clearly in accord with the intent of the testators as gathered from the four corners of the will, as when 'children' has been used with 'heirs of the body' or 'issue' as its synonyms." In Keim's Appeal, 125 Pa. 480, Mr. Justice STERRETT said (p. 487): "The general rule undoubtedly is, that under a devise to one for life, with remainder to his children, the first taker has no freehold of inheritance. The fact that the

devisee was without children when the will was made, as well as when it took effect by the death of the testator, does not change the rule: Cote v. Von Bonnhorst, 41 Pa. 243." This rule has been followed in the later cases. See Reimer v. Reimer, 192 Pa. 571, 573; Lancaster v. Flowers, 198 Pa. 614; Hoover v. Strauss, 215 Pa. 130, 131; Manning v. Bader, 224 Pa. 575. In Vaughan's Estate, 230 Pa. 554, where a testator directed that the share of his daughter be held in trust for "her and her children's sole use and benefit" Mr. Justice MOSCHZISKER said (p. 556) : "Under the law as established in Pennsylvania this gave the parent a life estate with remainder to her children in fee. The authorities on this subject are collated in Hague v. Hague, 161 Pa. 643. Also see Elliott v. Diamond Coal & Coke Co., 230 Pa. 423."

In the present case the testatrix made plain the sense in which she referred to the "children" of her son and daughter, by adding the explanatory words "my grandchildren," thus emphasizing the words as being of personal description. The assignments of error are overruled, and the decree of the court below is affirmed,