Henninger *v.* Forquer Building, Inc., Appellant.

Argued October 6, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John H. Wilson,* for appellant.

*Marshall & Watson,* of *Murrin & Murrin, Wm. B. Purvis, Jackson & Troutman, James M. Galbreath* and *Zeno F. Henninger,* for appellees, were not heard.

PER CURIAM, November 24, 1930:

Plaintiffs sued in assumpsit to recover the purchase price of certain real estate sold by them to defendant, which the latter refused to take on the ground that the former could not deliver a good and marketable title. Judgment was entered on a verdict for plaintiffs and defendant has appealed.

Appellant contends that a decree entered in a prior partition proceeding, on which plaintiffs' title rests, does not conclude the possible interest of certain grandchildren of a former owner, Charles Duffy, deceased. The question of title, which by this contention defendant seeks to again bring up for judicial determination, was settled in the before-mentioned action of partition, where the property now in controversy was awarded to predecessors in ownership of the present plaintiffs. At the time of that proceeding, all persons having either an immediate or possible future interest in the real estate affected were participating parties, either in person or through proper representation. The adjudication then made, construing the will of Charles Duffy, is conclusive on this appellant and all other persons dealing with the property here and there involved. Such being the

case, the contention of defendant that the prior judgment in partition "is not final and conclusive and not res judicata as to the minor grandchildren of Charles Duffy in esse at the time of the adjudication and represented in said [partition] proceeding by a guardian, and as to the grandchildren of Charles Duffy born since the time of said adjudication, and as to the grandchildren of Charles Duffy herafter to be born," was properly adjudged against it.

As shown by the record and stated in the opinion of the court below, at the time of the partition, "The children of Charles Duffy were all living, were sui juris, [and] were represented in the proceedings; the grandchildren of Charles Duffy in esse were represented by [a] guardian; the unborn grandchildren......were represented by a trustee duly appointed; all appeared and defended." The Act of June 3, 1840, P. L. 593, particularly provides that suits in partition may be brought notwithstanding the fact that "persons not in existence at the issuing of the writ" have a possible interest in the premises; further, that "for the protection and security of the interest of any unborn person or persons, the court [in which the proceedings are pending] shall have authority to make such order......as equity and justice may require." In construing this statute, we have said that it not only confers a right upon the courts to appoint proper representatives to appear for unborn persons and those with a contingent interest, but it is the duty of the court so to act: see Holmes v. Woods, 168 Pa. 530, 534-5, 540; Shields v. Aitken, 236 Pa. 6, 9-10, the last cited case, like the instant one, being a partition proceeding in the common pleas, involving the construction of a will. See also Gelbach's App., 8 S. & R. 205, 209-10, where we ruled that minors properly represented on the record cannot, upon arriving at full age, question the actions of their representatives in prior partition proceedings, and Lyman v. Lyman, 293 Pa. 490, 496, where we very recently said, as to the necessity

for raising a trustee or guardian ad litem for unborn children with a possible interest in real estate in controversy: "Before a definite construction could be placed on the property rights of others, possibly here involved, there would have to be brought upon the record of any proceeding instituted for that purpose every person with any possible interest whatsoever in the trust; which would mean......minor children (including both those already born and those who might hereafter be born), through properly appointed representatives (Smith's Petition, 291 Pa. 129, 132), and likewise all persons possessed of a possible ultimate beneficial interest in case of the death of [others] without children. Cross v. Miller, 290 Pa. 213, 215, is an instance where unrepresented interests were, by agreement, brought upon the record in the Supreme Court. See also Monnia's Est., 270 Pa. 367; Hebron v. Magda, 280 Pa. 508, 510, 511; Smith v. Bloomington Coal Co., 282 Pa. 248, 253, 254."

The judgment appealed from is affirmed.