## Moore's Estate

*Harold F. Mook*, for accountants; *Monroe Echols*, for executor.
*C. E. Royer*, guardian ad litem and trustee for unborn heirs.

WAITE, P. J., October 27, 1932.—In this case the court is again called upon to construe the will of Lillian Norwood Moore. This will was before the court at No. 40, February Term, 1911, and certain parts of it construed, excepted to, appealed from and affirmed by the Supreme Court in 241 Pa. 253. The will was again before this court on a petition for a declaratory judgment at No. 135, November Term, 1930, which was refused April 25, 1932 (18 D. & C. 37). This will, though short and apparently simple in language, yet upon careful study has so many angles that the words of Mr. Justice Schaffer in Lockhart's Estate, 306 Pa. 394, 400, 401, may very appropriately be applied to it: "It has been said that no will has a brother. It is doubtful whether this one has even more distant relatives."

This matter now comes before the court on petition for distribution in the ninth partial account of the executors of the estate of Lillian Norwood Moore, who died testate on November 22, 1909. The will is as follows:

"July 4, 1909

"Erie, Pa.

"I, Lillian N. Moore, will that at my death my cousins Lillian Carroll and Edna F. Moore be executors of my estate.

"That the income from all my property except $5000.00 shall be divided equally between my aunt, Mrs. Georgia C. Moore & Mrs. L. E. Foote while they live and at their deaths the income to be equally divided among their children respectively: Lillian Carroll, Edna Moore, Clare Foote & Frank Foote & at their deaths to their children.

"The above mentioned $5000.00 I will the use of equally to my cousins, Harry G. Wilson & Elizabeth H. Wilson. At their deaths to go to their children.

"I will all my personal property to my beloved aunt, Georgia C. Moore, and at her death to go to her children, Lillian Carroll & Edna Moore.

"Lillian Norwood Moore."

The fact that a parent of the cousins in the first two instances is given the income preceding the cousins and not in the third instance is immaterial, since all of the cousins whose "children" are given an interest in the estate are specifically named, and they, as well as the parents named, are therefore definite persons in being at testatrix's death. Although the will does not in so many words bequeath the principal, as distinguished from the use or income, to the children of the several cousins named, yet that was the construction put upon it by the auditor, together with the method of computation and distribution of income, concurred in by the lower court, excepted to and affirmed by the Supreme Court (241 Pa. 253), and is now the "law of the case" as to the distribution of both income and principal.

The testimony shows that Mrs. L. E. Foote, otherwise known as Anna E. Foote, one of the legatees named in the will, died testate on May 25, 1925, leaving to survive her her sons, Clare and Frank, who are also two of the cousins named in the will of Lillian Norwood Moore. The testimony further shows that Frank Foote died intestate and without issue January 21, 1930, and that since the death of Mrs. L. E. Foote the portion of the income which she received from the estate of Lillian Norwood Moore was paid one half to each of her said sons, Clare Foote and Frank Foote, until the death of Frank Foote, since which time the one half part of the said income payable to Frank Foote during his lifetime has been allowed to accumulate and now amounts to $704.18.

It is urged by the attorney for the executor and also by the attorney for the Erie Trust Company, executor and trustee of the estate of Anna S. Foote, that this sum should now be distributed to Clare Foote, his brother and sole heir at law, and that all subsequent income from that part of the estate bequeathed to this branch of the family should also be payable to him. With this we agree, and distribution will be so ordered.

It is further claimed by the Erie Trust Company, executor and trustee of the estate of Anna S. Foote, that the bequests in the will of Lillian Norwood Moore to the "children" of Clare Foote and Frank Foote were in violation of the rule against perpetuities, and that the portion of the principal of the estate upon which the income was paid to the said Anna S. Foote and after her death to her sons, Clare Foote and Frank Foote, cousins of the testatrix, should now be distributed to the said executor and trustee as aforesaid. With this we cannot agree. The rule against perpetuities prohibits the creation of future interests

of estates which by any possibility may not become vested within a life or lives in being at the death of the testator and 21 years thereafter, together with the period of gestation.

"The test in applying the rule is whether the prescribed contingency or event upon which vesting is to take place may not arise until after the time allowed by the rule of law within which the gift over must take effect: 21 R. C. L. 289; Foulke, Perpetuities, etc., in Pennsylvania, section 335. The rule is not one of construction, but a positive mandate of law to be obeyed irrespective of the question of intention. The proper procedure is to determine the true construction of the will, just as if there was no such thing in existence as the rule, and then to apply it rigorously in complete disregard of the wishes and intention of the testator: 21 R. C. L. 294; Bender v. Bender, 225 Pa. 434, 438; Gerber's Est., 196 Pa. 365, 375; Gray, Rule against Perpetuities, 3d edition, section 629": Lockhart's Est., 306 Pa. 394, 401.

The rule in Shelley's Case is that where "an estate for life or any other particular estate of freehold be given to one with remainder to his heirs or heirs of his body, the first taker has a fee simple or tail and the heirs take by descent and not by purchase. In other words it is to be understood as expressing the quantity of an estate which the party is to take, and not as conferring any distinct estate on the persons who may become his representatives": 40 Cyc. 1602.

This rule, while sometimes referred to in the same case, must not be confused with the rule against perpetuities, although each rule may have a like effect in limiting or enlarging estates in which the rule may be invoked. The rule in Shelley's Case can never apply where the remainder is to "children": Guthrie's Appeal, 37 Pa. 9, 12, 14, Hoover v. Strauss, 215 Pa. 130, Keim's Appeal, 125 Pa. 480, Whiteley's Estate, 273 Pa. 364, and Hesse's Estate, 280 Pa. 581. Nor can the rule apply where there is a legal estate vested in trustees upon an active, operative trust: Crosby v. Davis, 4 Pa. L. J. 193, 2 Clark 403. See, also, Gould's Estate, 270 Pa. 535, 537. The rule has no application in the case at bar. Here not only is the remainder given to "children" but there is also a legal estate vested in an active, operative trust.

The case of Armstrong v. Michener, 160 Pa. 21, cited and relied upon by the attorney for the Erie Trust Company, executor and trustee of the will of Anne S. Foote, is not in point here. In that case the bequest was, as construed by the court, "to my son, William, . . . and at his death to his issue, and if none, then to the next of kin," while in the case at bar the bequest over of the principal, as construed by the court, was to the "children" of the cousins named in the will. The distribution in the former case was determined by the application of the rule in Shelley's Case, and that rule, as has been already shown, has no application in the case before us.

Neither in our opinion does the rule against perpetuities apply in this case. Under the terms of this will a life interest in the income of the estate is bequeathed to each of several cousins of the testatrix, viz.: Lillian Carroll and Edna F. Moore, after a preceding life estate to their mother; Clare Foote and Frank Foote, after a preceding life estate to their mother; Henry G. Wilson and Elizabeth H. Wilson, at the death of testatrix; all of them were living at the execution of the will, as well as at the death of the testatrix. All of these were, therefore, "lives in being" at the death of the testatrix. At the death of the said cousins, under the terms of this will, as construed at No. 40 February Term, 1911, the principal of the estate is payable to their "children". Three of the cousins named are males and three females. All children of the female cousins must necessarily be born at or before their deaths, and all children of the male cousins must necessarily be born either during their lives or within

the added period of gestation alone thereafter. Therefore, even were the additional period of 21 years allowed by the rule excluded, the vesting of an estate in the children of any of the said cousins so born could not by any possibility violate the rule against perpetuities.

But it is said some or all of these cousins may never have children at all, and therefore the "children" who might receive the estate after the death of the several cousins named in the will may not exist within the prescribed period (21 years and the added period of gestation); in fact, may never exist. Does this fact make the several gifts void as violating the rule against perpetuities? The answer must be in the negative, for the reason that if the "children" of any of these cousins are to take an interest in this estate as we have above shown, they must necessarily be born during the cousins' lives and the additional period of gestation thereafter. And if never born, no part of the estate can by any possibility vest in them, and the gift cannot therefore violate the rule against perpetuities. In other words, it is impossible for an estate which any of the "children" of any of the cousins of testatrix named in the will might take to vest later than the period of gestation after the death of any of the said cousins. There cannot therefore be any violation of the rule against perpetuities.

We are also of opinion that under the terms of this will Lillian Carroll and Edna F. Moore, named as executors and acting trustees, are entitled to receive and from time to time distribute the income from the said estate, so long as either of the 2 cousins in any of the 3 branches of the family named in the will and entitled to a portion of the income shall live. Any surviving one of these cousins also has the right to have the trust carried on for the purpose of collecting and distributing the income. This trust should also, in our opinion, be carried on so long as is necessary for the protection of the interests of any children, born or unborn, of any cousin named in the will, who might by any possibility have an interest in the said estate. Should both cousins in any one of the three branches die, it would seem that either their "children" or their heirs at law would be entitled, after the period of gestation at latest, to receive the part of the principal ultimately payable to that branch of the family. Other contingencies might arise making distribution desirable. Such questions can be decided when reached. It is a good rule not to cross bridges before reaching them.

The manner in which this trust is to be carried on, distribution of income made from time to time and final distribution made of principal, was, as we have already said, determined by the auditing judge at No. 40 February Term, 1911, in the Orphans' Court of Erie County and affirmed on appeal (Estate of Lillian Norwood Moore, 241 Pa. 253), and thereafter became "the law of the case" so far as distribution is concerned. As was said by Mr. Justice Kephart in Gould's Estate, 270 Pa. 535, 537: "The construction of a will adopted by an auditing judge in the distribution of an estate becomes the 'law of the case' and will control subsequent distributions arising from the same fund or parts of the fund affected by the former adjudication; more particularly is this true when the fund is turned over to trustees for the purposes of the will as construed by the auditing judge: See Kellerman's Est., 242 Pa. 3, 5, and cases therein cited; and McCown's Est., 221 Pa. 324, 326."

A different conclusion might be reached if either the rule in Shelley's Case or the rule against perpetuities was violated by the bequest to the "children" of the cousins named in the will, since these questions were not raised in the former proceeding and are not res adjudicata and therefore there is no application

of the rule of stare decisis. But as we have already shown, neither of these rules is violated by the will in this case.

For reasons herein stated, distribution is directed to be made in accordance herewith. From Otto Herbst, Erie, Pa.